Bachmann agt. New Yorker Deutcher Arbiter Bund.

## SUPREME COURT.

### CHRISTIAN BACHMANN agt. THE NEW YORKER DEUTCHER ARBITER BUND.

*Benefit societies — Expulsion of member — Laches — When appeal only remedy — Res adjudicata — When judgments at law are conclusive in equity — When courts of equity have no revisory powers over actions of benefit societies — Presumptions in favor of fairness of members — Effect of delay in applying for restoration to membership after expulsion.*

When a party, formerly a member of a benefit society, sleeps upon his alleged rights to restoration as a member for an unusual length of time, such seeming acquiescence in his expulsion is of itself unfavorable to his application for restoration.

The plaintiff brought an action in a district court in this city for the recovery of weekly allowances or benefit money for a period before his expulsion, and beyond it, and the defendant set up, among other defenses to his right to recover, that the plaintiff had been expelled:

*Held,* that by including in his claim for weekly allowances a period beyond his expulsion, and by submitting the question of its regularity to the decision of the justice, the plaintiff's only remaining remedy was by an appeal.

Where, in such a case, a party submits the question of his expulsion to the justice, even though the justice has no inherent equity jurisdiction, he is concluded by his determination.

When a matter is regularly determined, in whatever form, by a competent tribunal, the same is not open to inquiry in any other proceeding between the same parties. A judgment at law is conclusive in equity upon the same subject between the same parties.

Courts of equity have no revisory powers over benefit societies who are regulated by their own laws and rules, which are conclusive upon their members, provided they are conducted fairly according to their rules; and when the latter fact is once judicially determined in a legal or equitable controversy between the parties, in which an issue involving the question has been distinctly raised, the door to further inquiry upon that subject should be closed.

Every presumption is in favor of the fairness of the expulsion of a member from such a society, because the interests of the fellow-members are naturally that the rights of each individual member should be sedulously guarded, as the same measure they apply to others may in the end be administered to themselves.

*Special Term, December,* 1882.

Bachmann agt. New Yorker Deutcher Arbiter Bund.

THE complaint alleged that the defendants are a corporation and its objects are to assist its members and their families in case of sickness or death. That up to the 16th day of July, 1875, the plaintiff was a member, and on that day he was illegally and wrongfully expelled from the society, and since that time he has been refused permission to participate in the privileges and rights of such membership. That since his expulsion he has been willing to perform his duties as a member and has tendered performance thereof, which was refused. That since his expulsion he has been sick, and on application was refused benefit moneys to which he is entitled under the by-laws of the society. Wherefore he prayed that he be reinstated as a member as of the day when he was expelled, and for the sum of $1,000 damages. The answer interposed, among other defenses, was the expulsion of the plaintiff on the 16th day of July, 1875, and that such expulsion had been tried, submitted and decided upon the merits as legal and regular by a justice of one of the district courts of the city of New York.

*Wehle & Jordan*, for the plaintiff.

*Henry Wehle* and *Charles Goldzier*, of counsel, made and argued the following points:

I. The expulsion of the plaintiff from the society was without cause or provocation. The only ground of expulsion authorized in the constitution is drawing sick relief without being entitled to the same. The proceeding of the society in attempting to punish by expulsion of a member, because he has invoked the law against the society, was extremely inequitable, and unless the court is by some imperative rule of law to sustain the same, the proceeding should be set aside, so that this and other societies may understand that they are not above the law. The courts have heretofore recognized the necessity of squelching the pretensions of these societies (*Lloyd* agt. *Loring*, 6 Ves., 733, *cited with approval in Austin* agt. *Searing*, 16 *N. Y.*, 119).

Bachmann agt. New Yorker Deutcher Arbiter Bund.

II. The alleged immorality, which is also one of the grounds for the expulsion, is not cause for expulsion under the constitution; but even if this were otherwise, the only "immorality" claimed consisted in the plaintiff calling the members of the society frauds and humbugs. The calling of names is not immorality in any sense, and the action of the society in asserting this as one of the grounds of expulsion is of itself reason sufficient to set the same aside as having been made without authority of the society's constitution (*Commonwealth* agt. *German Society*, 15 *Pa.*, 251).

III. Plaintiff's expulsion was clearly illegal, the charges were not served upon him and no notice given him to appear and defend. The expulsion is void for want of jurisdiction, not only on the ground that the charges embraced matters not authorized as grounds of expulsion by the constitution, but because no opportunity to defend was given to plaintiff (*People* agt. *St. Francis' Society*, 24 *How.*, 216).

IV. To constitute a bar the former adjudication must have been upon the same cause of action. The mere fact that the same transactions which give rise to this cause of action were involved in the former is not sufficient (*Stowell* agt. *Chamberlain*, 60 *N. Y.*, 272). The action in the district court was on contract; the action in this court is to remedy an independent wrong, viz., the unlawful expulsion (*Fisher* agt. *Hope Life Insurance Co.*, 69 *N. Y.*, 161).

V. The party who asserts an estoppel by judgment must prove it beyond a doubt (*Remington* agt. *O'Dougherty*, 81 *N. Y.*, 474). It is a well established rule that nothing will be implied in favor of the jurisdiction of a minor court; and this court will at all events refuse so to imply where an estoppel is sought to be predicated upon such implication (*Adkins* agt. *Brewer*, 3 *Cow.*, 206; *Bloom* agt. *Burdick*, 1 *Hill.*, 130).

VI. The reinstatement of the plaintiff should be decreed, and since a court of equity will exercise its jurisdiction for the purpose of doing complete justice between the parties,

damages should be awarded (*Bemer* agt. *Drew*, 39 *How.*, 466 ; *Rathbone* agt. *Warren*, 10 *Johns.*, 587 ; *Days* agt. *Taylor*, 238).

*J. C. Julius Langbein*, for defendants, made and argued the following points :

I. The question of plaintiff's expulsion and its legality, was tried before justice DINKEL, and that justice so decided after a trial upon the merits. His judgment is therefore *res adjudicata* upon that question, and an estoppel by way of record to the plaintiff's claim in the action. The force of a judgment as *res adjudicata* cannot be destroyed or impaired by showing that it was clearly erroneous and ought not to have been rendered (*Freeman on Judyments*, 273 ; *Case* agt. *Beauregard*, 101 *U. S.*, 688 ; *State* agt. *Rainsberg*, 43 *Md.*, 325 ; *Roundtree* agt. *Walker*, 46 *Texas*, 300 ; *Lineham* agt. *Hathway*, 54 *Cal.*, 251). A verdict in a former suit is conclusive although rendered upon a mistaken view of the law (*Morgan* agt. *Plumb*, 9 *Wend.*, 287). It is thoroughly well settled that the mode in which the question of *res adjudicata* is brought is immaterial, if it be actually decided (*Clemens* agt. *Clemens*, 37 *N. Y.*, 72 ; 2 *Smith's Leading Cases*, 78, *and authorities there cited*). A judgment is conclusive not only as to matters actually determined, but as to every other matter which the parties might have litigated, and have had decided as incident to the subject-matter of the litigation, or coming within the legitimate purview of the original action, both as to matters of claim and defense (*Sampson* agt. *Hart*, 14 *Johns.* 63 ; *Southgate* agt. *Montgomery*, 1 *Paige Ch.*, 41 ; *Haire* agt. *Baker*, 5 *N. Y.*, 357 ; *Davis* agt. *Talcott*, 12 *N. Y.*, 184). It is no answer to the defense of a former recovery that the forms of actions in both suits are not the same (*Miller* agt. *Maurice*, 6 *Hill.*, 114). The rule is that one shall not be vexed twice for one and the same cause, and that an allegation of record, upon which issue has been taken and found, is between the parties taking it and their privies conclusive, so as to estop the parties from again litigating the fact once so

found (*Stowell* agt. *Chamberlain*, 60 *N. Y.*, 276). When the authorities say that a judgment is final and conclusive upon the parties to it, as to all matters which might have been litigated and decided in the action, the expression must be limited applicable to such matters only which might have been used as a defense in that action against an adverse claim therein; such matters, as if now considered, would involve an inquiry into the merits of the former judgment (*Whitcomb* agt. *Williams*, 4 *Pick.*, 228; *King* agt. *Chase*, 15 *N. H.*, 13; *Malloney* agt. *Horan*, 49 *N. Y.*, 116).

II. By going to trial upon the question of the legality and regularity of his expulsion, and try the same upon the merits, the plaintiff is estopped, and cannot now litigate that question in another tribunal. If the claim is within the issue and is passed upon, it creates a former adjudication (*Masten* agt. *Olcott*, 24 *Hun*, 587). When the jurisdiction of a court of limited authority depends upon a fact which must be ascertained by that court, and such fact appears and is stated in the record of its proceedings, a party to such proceedings, who had an opportunity to controvert the jurisdictional fact, but did not, and contested upon the merits, cannot afterwards, in a collateral action against his adversary in those proceedings, impeach the record and show the jurisdictional fact therein stated to be untrue (*Dyckman* agt. *The Mayor*, 5 *N. Y.*, 438). A defense before a justice on the ground of usury was held to be a bar to relief in equity on the same ground (*Cave* agt. *Davis*, 5 *Monroe*, 292; *Phillips on Evidence* [*vol.* 2], 98).

III. The plaintiff was properly and legally expelled under the constitution and by-laws of defendant's society. His expulsion was based upon three grounds which are amply sustained by the evidence: 1st. For non-payment of dues. 2d. For performing manual labor while reporting sick and unable to work. 3d. For indulging in immoral conduct, and calling the society swindlers, thieves and humbuggers. When the plaintiff became a member of the defendant's society he became bound by its constitution and by-laws (*Sassenscheit* agt. *The Fresco*

*Painters' Benevolent and Protective Union, City Court Reports* [*vol.* 1], *p.* 8 ; *White* agt. *Brownell,* 2 *Daly,* 329 ; *Same case,* 3 *Abb. Pr. R.* [*N. S.*], 318 and 4 *Abb. Pr. R.* [*N. S.*], 162 ; *Olery* agt. *Brown,* 51 *How. Pr. R.*, 92). A member of one of these societies cannot be sick under its by-laws and at the same time work. If he desires the benefit of the sick or relief fund, he must stay in bed, and if he shams sickness and is discovered, he is liable to expulsion (*Kelly* agt. *Ancient Order of Hibernians,* 9 *Daly,* 289).

IV. The evidence, both oral and documentary, proves that the plaintiff received notice that he would be expelled, and to show cause why this should not be done, it is conceded that if the evidence does not prove notice on the plaintiff, that his expulsion was illegal and the court should restore him to membership. Members of charitable and benevolent societies cannot be expelled therefrom without notice and an opportunity to be heard in their defense (*Schmitt* agt. *The St. Franciscans' Benevolent Society,* 24 *How.*, 216).

V. Upon the law and evidence, as well as upon the merits, there should be a judgment for the society, with costs, and thus this plaintiff would be shown that he cannot remain a leech upon the defendant's society of which he was once a member, but who lost that right and the benefits and privileges under it by his own fraudulent acts.

VAN VORST, *J.* — The plaintiff asks to be restored to his membership in the defendant's society, from which he insists he has been illegally expelled.

The expulsion took place in July, 1875, more than six years before the commencement of this action.

If the plaintiff has any rights in the premises, he seems to have slept an unusually long time before invoking judicial aid for their enforcement and for his restoration, through a direct proceeding. Such seeming acquiescence in his expulsion is of itself unfavorable to plaintiff's present action.

If any wrong or injustice has been done him, through the

action of his associates, it is reasonable to suppose that he would have promptly moved in the direction of being reinstated to his lost rights and privileges. It appears, however, that in the year 1878 the plaintiff commenced an action in the district court of the fourth judicial district, before justice DINKEL, for the recovery of a weekly allowance from the defendant's society. His claim embraced a period before his alleged expulsion, and extending beyond it. Among the defenses interposed to his right to recovery, was that of the plaintiff's expulsion in July, 1875. The justice rendered a judgment in the plaintiff's favor for weekly allowances up to the date of his expulsion, and rejected his claim after that period. The record of the plaintiff's expulsion was given in evidence before the justice, and other evidence was also given touching the regularity of the expulsion under the rules of the society. Justice DINKEL, who was examined as a witness upon the trial of this action, testified that the subject, as to whether the plaintiff was properly expelled, was perhaps the only question that was tried before him, and that he decided that the lodge had complied with the by-laws in the proceedings for the expulsion. The plaintiff could doubtless have avoided a decision of his case in this particular by justice DINKEL, had he limited his claim before him up to the time of the alleged expulsion, and could then have properly invoked the aid of a court of equity to annul the record of his expulsion, if he had sufficient cause therefor, but by including in his claim for weekly allowances a period beyond his expulsion, and by submitting the question of its regularity to the decision of the justice, his only remaining remedy is by an appeal from the judgment of justice DINKEL.

The defendant would have been concluded by the judgment, if the decision had been adverse to it, as the plaintiff is now held to be. Upon the application of the principle that when a matter is regularly determined, in whatever form, by a competent tribunal, the same is not open to inquiry in any other proceeding between the same parties, the plaintiff's complaint

Bachmann agt. New Yorker Deutcher Arbiter Bund.

must be dismissed. It is idle to say that the former adjudication was had in a district court; the parties submitted the subject to the decision of the judge, and are concluded by his determination. Nor is it in point to urge that the present is an action substantially in equity, and that the former adjudications was had in a law court. A judgment at law is conclusive in equity upon the same subject between the same parties. Proceedings for the expulsion of members from bodies, constituted as the defendant is, are commonly regulated by their own laws and rules, which are conclusive upon members, and the courts of equity have no revisory powers over such adjudications, provided they are conducted fairly according to the rules of the society, and when the latter fact is once judicially determined in a legal or equitable controversy between the parties, in which an issue involving the question has been distinctly raised, the door to further inquiry upon that subject should be closed, otherwise the court would be overwhelmed with applications of this character.

And in general it may be said that every presumption is in favor of the fairness of the expulsion of a member, in a proceeding instituted and carried on by fellow members, whose interests would naturally be that the rights of each individual should be sedulously guarded and conserved, as the same measure they apply to others may in the end be administered to themselves. Upon the sole ground, however, that the question has been determined by justice DINKEL, the plaintiff's complaint is dismissed, with costs.