WUERTHNER v. WORKINGMEN'S BENEVOLENT SOCIETY.[1]

1. MUTUAL BENEFIT SOCIETIES—REJECTION OF CLAIM—CUSTOM— CONCLUSIVENESS.

A finding by the tribunals of a benevolent society that a member is not entitled to sick benefits cannot be rendered conclusive, so as to preclude resort to the courts, by reference to a custom of the society, where there is nothing in the constitution or by-laws which so provides.

2. SAME—EXPULSION OF CLAIMANT.

A mutual benefit society cannot defeat a proper claim for benefits by expelling the member upon the theory that his claim is fraudulent.[2]

3. SAME—CAUSE OF ILLNESS.

Where there is no provision in the constitution or by-laws of a benevolent association releasing it from its obligation to pay sick benefits if the illness is caused by the indiscretion of a

---

[1] Rehearing denied September 27, 1899.

[2] On the question of the effect of expelling a member upon his right to insurance connected with his membership, there is a note to *Ellerbe* v. *Faust*, (Mo.) 25 L. R. A. 149.

member, it will be liable, though the condition of the member has been brought on by indulgence in unnatural and vicious habits.

Error to Washtenaw; Kinne, J.   Submitted June 6, 1899.   Decided July 11, 1899.

*Assumpsit* by Carl F. Wuerthner against the Workingmen's Benevolent Society to recover sick benefits. From a judgment for defendant, plaintiff brings error. Reversed.

*Lehman Bros. & Stivers*, for appellant.

*A. F. & F. M. Freeman*, for appellee.

HOOKER, J.   The plaintiff was a member of a local benevolent society, and made a claim for sick benefits amounting to $78, claiming to have been entitled to them for a period of 26 weeks, during which time, his declaration alleges, he was sick and unable to work, on account of nervous trouble.   The case was submitted to a jury, and a verdict in favor of the defendant was rendered. The plaintiff has appealed.

The evidence showed that the society placed his claim in the hands of a committee, according to its custom, and a report to disallow the claim was adopted.   Subsequently the plaintiff was expelled from the society for making a false claim, and it was contended upon the trial that, not being a member at the time the action was brought, he could not recover, for the reason that the finding of the society upon that subject cannot be reviewed by the courts.   It was claimed by the defendant that the action of the society upon the claim was final and binding upon the parties.   It was not shown that any provision of the constitution or by-laws made it so, but the defendant was allowed to show that such decisions were considered final by the society, under its custom of conducting business.   The court instructed the jury that they might—

"Take into consideration, as far as the same may have been disclosed by the evidence, the action and construction which the society, from time to time, may have taken and given to its rules and regulations. I think there can be no doubt that the purpose and intent of the society, in the exercise of its benevolence, is to reach those cases where the party is unable to perform labor by reason of sickness; that the words 'sickness' and 'inability to perform labor' are synonymous terms, and mean one and the same thing. In other words, that the sickness must be of such a character that the member is unable to perform labor, and this sickness or inability to perform labor may be either of a mental or of a physical character, and the one may be as certain and serious and as incapacitating as the other. A genuine case of mental or nervous prostration may be as serious and fatal as a purely physical malady. In either case the test is, Is the member, by reason of his sickness, be it mental, nervous, or physical, in such a condition that he is too ill to perform labor? If he is, then he is entitled to his indemnity. If he is not, then he has no claim."

This instruction was evidently intended to apply to the degree of incapacity requisite to a right of recovery, but elsewhere he said:

"Upon another branch of this case, independent of what I have said, I say to you: The plaintiff in this case having placed his claim for allowance before the defendant society and its sick committee, and the society having exercised the right of discipline, and expelled the plaintiff as a member of the order by reason of placing the particular claim for allowance before the society on which he has planted his cause for action in this case,—in view of this situation, and of the facts and circumstances here in testimony, courts are reluctant to interfere with the disciplinary powers of voluntary organizations like the defendant society. These societies have ordinarily organic power to discipline, correct, and remove their own members, and the courts are not inclined to interfere in this arrangement, unless it satisfactorily appears that some wrong or injustice has been done to the plaintiff. In that connection I also charge you: If from the evidence in this case you find that, in all the proceedings of the society to disallow this claim, the society acted in accordance with its rules, regulations, by-laws, and constitution, both in letter and spirit, and if the society in this matter acted

honestly and in good faith, seeking only to do equal and exact justice, then such action is binding and conclusive upon the plaintiff, and he cannot recover or set it aside in this court.    But, on the other hand, if you find from the evidence that this plaintiff has been unlawfully dealt with by the society, if the action and proceedings of the committee was unfair or unjust to the plaintiff, if the action of the committee or society was hasty, oppressive, or arbitrary, or actuated by improper or unjust motives, then such action would not be binding upon the plaintiff."

There was testimony introduced tending to show that the plaintiff's condition might be due to immoral practices, and the judge instructed the jury that:

" There has been some testimony which it is claimed tends to show that the plaintiff is himself responsible for his condition; that is, that by course of misconduct he has brought upon himself his present troubles.    If the plaintiff has willfully and immorally violated the laws of nature and the laws of health, and thereby occasioned his ill health, of course he cannot charge the defendant society with the result that might naturally flow therefrom.    *    *    *    If you find from the testimony that the plaintiff was sick or in a disordered or disabled condition, and you further find that such condition was brought upon him by his own immoral and impure practices, as claimed by the defendant, your verdict, of course, must be for the defendant.    The law will not permit a recovery for a condition brought upon oneself through his own vice and immorality, or by his own impure practices."

We are of the opinion that this charge was erroneous. The plaintiff's rights rested upon a contract that did not attempt to prohibit recourse to courts of law, and the prohibition of such a right cannot rest upon custom or the good faith of one of the parties.    While we have held that the determination of such questions by the tribunals of an order or society may be final where the constitution and by-laws so provide, such is not the rule when there are no such provisions.    A strict construction should be given to provisions abridging the common right of resort to the courts.    Again, we think the society could not affect the member's right to a sick benefit, or to sue for the same,

by expelling him upon the theory that his claim was a fraudulent one. If it could, there would be an easy way of defeating claims. *Bachmann* v. *Arbiter Bund*, 64 How. Prac. 442. Nor do we think the instruction in relation to the cause of sickness was correct. The by-law reads as follows:

"SECTION 1. Every member is to receive an indemnity of three ($3.00) dollars per week in case of sickness or inability to perform labor from the date of such sickness or inability to perform labor, but should, however, report such sickness or inability to perform labor to the sick committee at his earliest possible opportunity. Should the sickness or inability to perform labor continue for a period of more than six months, then the responsibility ceases. However, in cases of necessity, the society would render him assistance, if possible, to the best of its ability."

This is a broad provision, and contains no hint that the society will not pay when the incapacity is the result of illness due to indiscretion or vice. The claim of the defense in this case has force, by reason of the repulsive nature of the vice; but had the sickness resulted from overexertion in sport, or overeating, or the liquor habit, the same defense might be made, if this is permissible.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.