## The People on the relation of Anthony B. Burton v. The St. George's Society of Detroit.

*Associations: Members: Expulsion: Charges: Misconduct.* Under articles of association providing for expelling members guilty of improper conduct calculated to bring the society into disrepute, it cannot be said that charges: *first,* of receiving of an applicant for admission his proposed initiation fee and failing to pay it over to the society or to return it to the applicant, who had complained thereof to various persons; and, *second,* of having been entrusted by the secretary with the keys of the society chest to obtain a receipt book therefrom, and of having, at the same time, and without leave, taken from such chest the original roll of the society, and refused to return it, are insufficient.

Such proceedings, under articles of association agreed to by all the members, are to be considered without too much regard to any technicalities, and substantial justice is to be kept in view rather than mere form.

*Articles of association: Committee: Appointment: Presiding officer.* Under articles providing for the appointment of a committee of investigation by the presiding officer, without directing how or when, an appointment immediately after the adjournment of the meeting which passed the resolution of reference, by the second vice president, who had presided at that meeting, and a subsequent appointment by the first vice president to the places of two who had declined to act, are held under the circumstances of this case not open to objection as to the source or time of the appointments.

*Proceedings to expel: Regularity: Presumption: Routine questions: Review.* The relator having been before a committee claiming to be regular, and not shown to be otherwise, should have made his formal objections there; and it will be presumed that if the proceedings before the committee were not according to the usages of the society, they would not have been sanctioned by the society; and at any rate this court is no place to review such routine questions.

*Heard October 22.  Decided October 28.*

Application for *mandamus.*

*M. Brennan,* for the relator.

*Walker & Kent* and *C. I. Walker,* for the respondent.

CAMPBELL, J.

Relator asks a *mandamus* to restore him to membership in the St. George's society of Detroit from which he claims he was expelled without compliance with the rules of the society.

The objections are that the charges are insufficient, and the proceedings irregular.

The articles of the society provide for expelling members "guilty of improper conduct calculated to bring this society into disrepute."

The charges were: *First*, Of having received of one William J. Fisk two dollars as his proposed initiation fee, with a petition on his behalf to become a member of the society, and that he had not paid the money to the society, nor returned it to Fisk, who had complained thereof to various persons; *second*, that having been entrusted by the secretary of the society with the keys of the society chest to obtain a receipt book therefrom, he at the same time, and without leave, took from such chest the original roll of the society, which was its property, and refused to return it.

These charges involved elements indicating, until explained, acts in the nature of frauds against the society as well as against Fisk. The article defining the cases in which interference can he had is very awkwardly drawn. But it must have been intended, at least, to cover cases of misconduct injurious to the society, and damaging to the reputation of the person charged. It would be difficult to find any meaning, if this is not the fair interpretation of the provision.

The principal objection relates to the formalities of the prosecution. The articles provide that charges "shall be investigated by a special committee of three members, appointed for that purpose by the president or other presiding officer; the committee to report at the following regular meeting; then should a majority of the members present vote for the expulsion of the member, he shall be notified of the same by the secretary."

As these are all proceedings under articles agreed to by all the members, it is necessary to consider them without too much regard to any technicalities; and to follow sub-

stantial justice more than form. The only defect pointed out is in the appointment of the committee of investigation. It appears from the return that this committee was first appointed immediately after the adjournment of the meeting which passed the resolution of reference, and the appointment was made by the second vice president, who presided at that meeting. Two members declined to act, and the first vice president filled their places some days thereafter. When the committee met the relator had knowledge of it, and attended, and while he claims he protested against their being a lawful committee, the return says he made no such objection, but protested on other grounds, and took some part in examining witnesses. As the return is admitted to be true by the demurrer, this would probably estop relator from now raising the point. But it does not appear to us well founded. The return avers that the appointment of the committee was according to usage. The article referred to does not direct when or how the appointment shall be made, but only that it shall be made by the presiding officer. We see no reason why, under these circumstances, the appointment need be made during a meeting, and being made immediately after, and at the place of meeting, the officer presiding at that meeting may very properly be considered as the presiding officer, so long as the business was continuous. And the subsequent appointment by the real presiding officer, of members to fill up the vacancies, would be a sufficient recognition of it to give it his sanction as of that time. The fact that a report was required to be made at the next regular meeting of the society, shows that action by way of appointment might be expected between the meetings to create or fill up the committee. The presumption of regularity from all these facts, if disputable, would at least require some clear allegation to put it in issue, and even the relator's showing contains nothing to contradict these facts, while he admits them still more effectually by receiving the return as true.

There was a committee claiming to be regular, and

which appears to have been so. Relator had knowledge of their meeting, was present at it, and had an opportunity of defense. He was bound to know that the report must be made at the next regular meeting, and could have raised any objections there that occurred to him, and if the proceedings were not according to the usages of the corporation, it must be presumed they would not have been sanctioned; and this court is no place to review such routine questions.

The relator has seen fit to place himself, not on the merits, but on a mere question of formality. We have no means of reviewing the proofs as to his violation of the rules of the society. And as we see no defect which could defeat their action, the writ must be refused. We do not wish it to be understood that the formal correctness of such society proceedings, when affecting no substantial right, should be reviewed here. But we have referred to the proceedings merely to show that no injustice has been done which relator could not have objected to in the society or committee meeting, which was the proper forum.

The other Justices concurred.