## WILLIAM H. ROBINSON

*v.*

## YATES CITY LODGE No. 448, A. F. & A. MASONS.

1. MASONIC LODGE — *recovery back of initiation fees.* A member of a Masonic lodge or other association not for profit, can not, on his expulsion, recover for the initiation fees voluntarily paid by him, when no fraud is practiced on him. His expulsion does not work a rescission of the contract under which such fees are paid.

2. SAME — *notice of inability to attend trial.* Notice by a member of a Masonic lodge, when summoned for trial, to the master or principal officer, that he could not be present at the time and place fixed for the trial of the charges, owing to other duties as a public officer, does not of itself oust the lodge of jurisdiction to try such party on the charges at such time and place.

WRIT OF ERROR to the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. W. H. ROBINSON, *pro se.*

Mr. ROBERT DOLLARD, for the defendant in error.

Per CURIAM: This suit was commenced before a police magistrate of Knox county, by the plaintiff in error against the defendant in error, to recover certain moneys paid as initiation fees.

Appeal was taken from the judgment of the police magistrate to the circuit court of Knox county, and, on the trial in that court, the case was submitted on the following agreed statement of facts:

"That defendant is a Masonic lodge at Yates City, Knox county, Illinois; that plaintiff was a member in good standing of said lodge prior to the seventh day of June, A. D. 1873; that said lodge had power by its constitution and by-laws, to which plaintiff subscribed on becoming a member, by giving the accused ample time and opportunity to prepare his defense, the right to be present at all examinations of witnesses, either in or out of the lodge, and to propose such relevant questions as he might desire, to expel

a member for unmasonic conduct; that, on the 7th day of June, A. D. 1873, and while plaintiff was a member of such lodge, he was served by an officer of the lodge at said Yates City with a paper charging him with unmasonic conduct, and summoning him to appear before the lodge on the 19th day of June, A. D. 1873, to answer said charge; that, on the 14th day of June, A. D. 1873, plaintiff notified the master of the lodge that he could not be present at the time appointed for his trial on said charge without interfering with his duties as county surveyor of said Knox county; that he was tried by said lodge, in his absence, at the time appointed; that he was found guilty of unmasonic conduct, and, as a penalty therefor, expelled from said lodge."

The circuit court gave judgment for the defendant.

We think it very clear that judgment was right.

The fees paid by plaintiff in error were voluntarily paid, and there is no pretense that he was, in that respect, overreached or in anywise defrauded. It can not be pretended that his expulsion works a rescission of the contract under which the initiation fees were paid, and there is, therefore, no ground, of which we are aware, upon which the present suit can be maintained.

We held, in *The People ex rel.* v. *Board of Trade*, 80 Ill. 134, that we would not interfere to control the enforcement of the by-laws of merely voluntary associations, such as is the defendant in error, but that such organizations must be left to enforce their rules and regulations by such means as they may adopt for their government.

We may add, if we felt called upon in the present case to notice the alleged irregularity of the defendant in error, which is claimed as the basis of the right to recover, we could not concur in the view of the plaintiff in error. It could not have been sufficient to have ousted the lodge of jurisdiction to try the case of plaintiff in error, merely to notify its presiding officer that his duties as county surveyor would prevent his being present at the time appointed for his

trial. He did not even prove that this was a fact, or that he made application based on proof of that fact, in a proper manner, to have the hearing of his case postponed.

Our decision, however, is based exclusively on the ground that the money sued for was voluntarily paid, without fraud or imposition by the defendant in error to induce the payment, and the defendant being a purely voluntary association, and not organized for pecuniary profit, we will not interfere with the enforcement of its by-laws.

The judgment is affirmed.

*Judgment affirmed.*