(4 Misc. Rep. 424.)

PEOPLE ex rel. BAKER v. COACHMAN'S UNION BEN. ASS'N OF NEW YORK.

(Superior Court of New York City, General Term. July 3, 1893.)

ASSOCIATIONS—EXPULSION OF MEMBERS—WAIVER OF RIGHTS.
　Where a member of a benevolent association, against whom charges have been made. voluntarily attends the meeting by which the charges are triable, and defends himself on the merits, he thereby waives the requirements of the constitution and by-laws that he should have been served with a certain notice and a copy of the charges, and he cannot raise the objection after an order of expulsion has been entered against him. People v. Musical Mutual Protective Union, 23 N. E. Rep. 129, 118 N. Y. 101, distinguished.

Appeal from special term.

Application by Patrick Baker for mandamus to the Coachman's Union Benevolent Association of the City of New York to compel respondent to restore relator to membership. From an order denying the application, relator appeals. Affirmed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

G. R. Carrington, for appellant.

Kenneson, Crain & Alling, for respondent.

FREEDMAN, J. Assuming, but not deciding, that the learned judge below erred in holding the judgment of the city court. in the action brought by Baker to recover for sick benefits to be a bar to the present application, the denial of the application for a writ of mandamus may still be sustained for the following reasons, viz.:

Although the relator, according to the requirements of the constitution and by-laws of the association, should have been served with a certain notice, and a copy of the charges in writing, it was competent for him to waive these requirements, and by attending the meeting which tried him, and making no objection on any such ground, or on the ground that he was not prepared to enter upon his defense, but proceeding to defend himself on the merits, and speaking in opposition to the resolution of expulsion, he did waive them. By voluntarily appearing and submitting to the jurisdiction of the meeting, without protest, and litigating the issue on its merits, he precluded himself on the point he now seeks to raise. In this respect the case at bar is entirely different from People v. Musical Mutual Protective Union, 118 N. Y. 101, 23 N. E. Rep. 129. In the case last referred to the relator appeared, and denied the jurisdiction, and then withdrew.

In the next place, the by-laws of the association do not require a vote of two-thirds of all the members to an expulsion, but only

two-thirds of the members present at a meeting regularly consti-
tuted for the transaction of business. Twenty-five members pres-
ent constitute a quorum for the transaction of business. In this
aspect the vote was sufficient. But, if it did not require two-thirds
of all the members of the association at the time of the passage of
the resolution, the relator failed to establish by competent proof
that 42, the number which voted for his expulsion, were insufficient
to constitute such two-thirds.

The order should be affirmed, with $10 costs and disbursements.