The opinion of the court was delivered by
Breaux, J.
The plaintiff is a member of the defendant fire company. He sues for ten thousand dollar damages. A charge of conduct unbecoming a member was brought_ against him. The notice from the company reads:
“From information received I make the following charge against Mr. O. Durel as conduct unbecoming a member of the company, as per Art. 10 of the constitution, by-laws of this company.”
This notice was signed by one of the officers of the company, as required, and seven members.
On the day the notice was served the matter was taken up by the grievance committee in the presence of the plaintiff. Despite his opposition to a postponement, the committee adjourned its investigation to a subsequent date. At the second meeting the evidence was heard and the plaintiff was present. The committee, after its investigation, reported to the company and submitted the evidence taken.
It was read to the company, in plaintiff’s presence, at one of its meetings. After hearing, a motion of expulsion was unanimously adopted by the members of the company.
Plaintiff brought suit, which suit was allotted to Division “ A ” of the District Court. He assailed the regularity of the proceedings, and alleged that the company had no authority to expel him; he prayed to be reinstated, and for damages.
There was judgment pronounced in his favor, as prayed for, except that his demand for damages was dismissed as in case of non-suit. From this judgment no appeal was taken.
Subsequently, he brought a second suit for the damages for which he had a non-suit.
The second suit was allotted to Division C of the District Court» and in his petition he alleged that the charge upon which he was expelled was false and malicious.
That the testimony introduced to sustain the charges before the company, and upon which the company acted in expelling him, was not worthy of belief.
*1105 In this case the District Court decided that he was not entitled to damages against the defendant.
From the judgment of the court he prosecutes this appeal.
It is settled by the first judgment that the plaintiff was expelled without the observance of the required formalities. No decisio can be rendered affecting the validity of the first judgment. It is a finality.
Although it was decided that he was expelled informally, the facts connected with the hearing may be considered, in order to determine whether the defendant company was actuated by malice or acted in good faith.
The notice to appear and defend himself before the company did not state the time and place of the offence, and no reference is made to the offence in the charge and in the notice, save in general terms that he was guilty of conduct unbecoming a member.
Relative to the Malice Charged.
It happens frequently that in originating steps to investigate accusations, men are averse to write down jthe charge as they should be written, and to give notice covering all needful particulars of the accusation. It was an error here, but it does not follow as a conclusion that the defendant intended to perpetrate an injustice.
It is true that the trial was not conducted with regularity and in accordance with the charter and the by-laws. But the objections urged by the plaintiff do not suggest that the action was tyrannical and arbitrary, although it was erroneous.
The record discloses that plaintiff’s character was good: that friends of his in the company offered to represent him in conducting his defence, an offer which he declined.
He was present at the trial, and did not, with any vigor at all, attempt to impeach the testimony of the two witnesses who testified against him.
Subsequently it was proved on the trial of the case in the District Court that these witnesses were disreputable and unworthy of belief.
The fact remains that these witnesses were not impeached at the trial before the company, and that the company, among whose members, prior to the accusation, the plaintiff had many friends, unanimously voted for his expulsion.
*1106 Another Feature of the Case That Rebuts the Malice Charged.
He, the plaintiff, remained wofnlly silent during the trial, when he should have objected and protested with all the determination at his command. His denial, it seems, was not stamped with that firmness which inspires confidence.
Having failed, by his conduct, to properly defend himself, and having neglected to introduce impeaching testimony, he can not recover damages from the defendant company. It was the duty of the company to investigate the accusation over which it unquestionably had jurisdiction, The plaintiff cannot be heard to complain of a condition to which he has contributed by the weakness of his defence.
Relative to the Damages Claimed.
Having disposed of the question arising from the informalities alleged, and having determined that there was no intentional wrong in proceeding as the company proceeded in their investigation, i. e., in disregarding the forms prescribed, this brings us to the question of the company’s responsibility vel non, in damages for the expulsion.
We are decidedly of the opinion that the plaintiff has no right of action for damages. While, it is true as made to appear to the court by the testimony offered, in the first case, that the formalities were not complied with, there is no evidence of want of good faith on the part of the defendant. The error was an error of judgment. It was not manifest at the hearing before the company that a vote of expulsion was not correct.
In the ease before the court, in which the plaintiff recovered a judgment, with the aid of the rules which apply to actions at law, witnesses that had not been previously impeached were impeached, and the court became convinced that the plaintiff should be reinstated. The plaintiff appeared in his own defence before the company.
Apparently by chance, two witnesses came from opposite directions, unknown to each other, and testified against the plaintiff. There was no correspondence between the one and the other. Even in the District Court the testimony is that of strangers one to the other, and the only correspondence is that each witness has a bad *1107 character for truth and veracity, a fact not shown before the company.
Able counsel represented the plaintiff before the District Court, and brought out facts that had not been previously considered.
Even if the company had acted upon the same state of facts, unless it was shown that there was malice and conspiracy on the part of the members to injure the defendant (plaintiff here), he would have no right to damages.
The proof does not sustain either of the charges of malice or conspiracy of the corporation. In the second trial, which resulted in the judgment from which the plaintiff appeals, it was made evident that the plaintiff was fully informed when heard before the company of the accusation brought against him, and was given full opportunity to face his accusers.
The plaintiff had agreed when he became a member of the organization to respond to charges brought in a particular manner, and that the company would pass upon the accusation. It was a tribunal of his own selection. The expulsion was in the nature of am award by a tribunal selected by the parties.
The error committed in good faith is not one for which the company can be held in damages. It (the expulsion) was not a capricious and arbitrary exercise of power. If the charge had been true it would have been within the scope of defendant’s power. The error in not having discovered the truth at the trial is not actionable for damages. We regard it as obvious that appellant has failed to disclose a right which entitles him to damages.
We are of opinion that there is no error in the judgment, and the decree is affirmed at appellant’s costs. ■