[S. F. No. 49.   Department Two.—December 6, 1895.]

## MAX M. LEVY, RESPONDENT, v. MAGNOLIA LODGE, No. 29, I. O. O. F., APPELLANT.

ODD FELLOWS — EXPULSION OF MEMBER FOR CONTEMPT — RESTORATION—MANDAMUS.—Where a member, who signed the written constitution and by-laws of an Odd Fellows' lodge, has been expelled, in accordance with the provisions of the by-laws, for a violation thereof on his part, and for contempt in refusing to appear before a committee appointed to try charges against him, in pursuance of the constitution and by-laws of the lodge, *mandamus* will not lie to restore him to membership.

ID. — RIGHT TO SICK BENEFITS — REMEDY IN LODGE — JURISDICTION OF COURTS—DEFENSE.—Although the courts have jurisdiction to hear and dispose of a complaint against a lodge for refusal to allow sick benefits, yet, where the laws of the lodge provide a remedy for the grievance complained of, that remedy must first be pursued and exhausted; and the failure to pursue that remedy is a perfect defense to an action in any state court.

ID.—SPECIFICATION OF CHARGES AGAINST MEMBER.—The charges against a member of a lodge for a breach of its laws are sufficiently specific when

they apprise the member of the nature of the charges, and enable him to prepare for his defense.

ID.—CONTRACT OF MEMBER—WAIVER OF RIGHT TO OBJECT TO REPORT OF COMMITTEE—DEFAULT—CONCLUSIVENESS OF REPORT.—A member who has signed the by-laws of a lodge, which provide that a member may be expelled for contempt in failing to appear before a committee to stand trial upon charges, and that in such case the report of the committee shall be conclusive, waives any right of objection to the report of the committee, by intentional default in refusing to appear before it to answer to the charges made against him.

ID.—UNREASONABLE BY-LAW—WAIVER OF OBJECTION BY CONTRACT.—What might be bad or unreasonable as a by-law, as being against common right, may be good as a contract; and a man may part with or waive a common right voluntarily, of which it would be impolitic and unjust to deprive him by a by-law passed without his assent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. SEAWELL, Judge.

The facts are stated in the opinion.

*Marcus Rosenthal,* for Appellant.

Courts will not interfere at all in the proceedings or affairs of a society where there are no civil or property rights involved.   (Niblack's Voluntary Societies, 218; *Otto* v. *Journeyman Tailor's etc. Union,* 75 Cal. 314; 7 Am. St. Rep. 156; *People* v. *Masonic Ben. Assn.,* 98 Ill. 635; *Rigby* v. *Connol,* 28 Week. Rep. 650; 14 L. R. Ch. Div. 482; *Ellison* v. *Bignold,* 2 Jac. & W. 503.)   A member must seek his remedies before the tribunal established by the order.   (*McAlees* v. *Order of Iron Hall* (Pa., April 23, 1888), 13 Atl. Rep. 755; *Black etc. Soc.* v. *Van Dyke,* 2 Whart. 309; 30 Am. Dec. 263; *Toram* v. *Howard etc. Assn.,* 4 Pa. St. 519; *Anacosta Tribe of Red Men* v. *Murbach,* 13 Md. 91; 71 Am. Dec. 625; *Osceola Tribe, I. O. R. M.* v. *Schmidt,* 57 Md. 98; *Dolan* v. *Court Good Samaritan,* 128 Mass. 439; *Robinson* v. *Irish etc. Soc.,* 67 Cal. 135; *Lafond* v. *Deems,* 81 N. Y. 514.)   Where there are appellate tribunals established by the order he cannot resort to the courts until, upon appeal, it has refused to give relief.   (*Poultney* v. *Bachman,* 31 Hun, 54; *Lafond* v. *Deems, supra; White* v. *Brownell,* 4 Daly, 329; 4 Abb. Pr., N. S., 162.)

*George D. Collins,* for Respondent.

As the defendant, in expelling plaintiff, acted without jurisdiction, it was not necessary for him to resort to the tribunals of the order for redress. (Bacon on Benefit Societies, sec. 107; *Hall* v. *Supreme Lodge,* 24 Fed. Rep. 454.) The charges presented against plaintiff did not confer jurisdiction to place him on trial. Commencing an action against defendant to recover sick benefits is not made an offense by the by-laws, nor could the mere acts of receiving benefits to which he was not entitled constitute a violation of section 21 of the by-laws. (*Otto* v. *Journeyman Tailors' etc. Union,* 75 Cal. 308; 7 Am. St. Rep. 156; *Erd* v. *Bavarian etc. Assn.,* 67 Mich. 233; Bacon on Benefit Societies, sec. 87.)

VANCLIEF, C.—The defendant has appealed from a judgment of the superior court awarding a peremptory writ of mandate commanding defendant to restore the plaintiff to his former *status* as a member of said lodge, from which he had been expelled, and also from an order denying his motion for a new trial.

The material facts of record are as follows: The defendant is a voluntary, unincorporated, fraternal, and beneficial association, organized in the city of San Francisco, and governed by a written constitution and by-laws, signed by all its members. It is subordinate to a higher organization, known as the grand lodge of I. O. O. F. of the state of California, which, in its turn, is subordinate to a sovereign grand lodge.

The constitution of the defendant lodge, section 7, provides that "the constitution, laws, and decisions of the sovereign grand lodge, . . . . and the constitution, laws, and decisions of the grand lodge . . . . of the state of California, are laws of this lodge, and all persons, by becoming members of this lodge, consent to and agree to abide by the same."

Section 18 of the by-laws of the defendant lodge provides that every member in good standing who has

attained to the third degree "shall, in case of sickness, infirmity, or bodily accident, rendering him unable to earn a livelihood, receive from the lodge fund a weekly benefit of ten dollars, . . . . and in all cases benefits shall only be granted on the recommendation of the noble or vice-grand, subject to the restrictions hereinafter provided, and no benefit shall be paid for a part of a week's sickness, nor for any sickness which is only of one week's duration, nor for any sickness caused by intemperance or immoral conduct."

Section 21 of the by-laws provides: "A member who, though sick or disabled, but who is able to collect debts, settle accounts, to make contracts, to oversee or superintend any business, shall not be entitled to benefits as a matter of right or legal claim; but such member may be granted relief by a vote of the lodge."

Section 6, article IV, of the constitution of the defendant lodge, is as follows:

"SEC. 6. This constitution, and all laws, rules, and regulations providing for the granting of sick, funeral, and other benefits, or of any aid, relief, assistance, allowance, expenses, or money to any member, wife, widow, orphan, or any person whatever, or providing for the payment to the lodge of dues, assessments, and demands by a member, are not intended, and shall not be construed, to create the relation of debtor and creditor, nor to create legal rights, liabilities, nor responsibilities, nor any legal contractual relation, nor confer any right to enforce the granting or payment of the same by resort to courts of law; on the contrary, all questions, whether of law or fact, relative to the granting, payment, or refusal of the same, relate to moral duties or obligations, and not to legal ones, and appertain to the sole jurisdiction of this lodge and the authorities of this order, and their decisions in the premises shall be binding, conclusive, and final upon all members, wives, widows, orphans, or persons. Every person, by becoming or continuing a member of this lodge, consents to, and agrees to, abide by all the laws

and decisions of this lodge and of the authorities of the order."

Plaintiff became a third-degree member of the defendant lodge in November, 1883, and so continued until he was expelled in April, 1894. In 1893 he claimed to be permanently sick, and unable to earn a livelihood, and was so reported to his lodge; and thereupon the lodge commenced to pay him sick benefits at the rate of ten dollars a week; but, after having paid such benefits for a number of months (not specified in the record), the lodge declined to pay plaintiff any further benefits, though he still claimed and demanded them. In this state of his case the constitution of defendant, section 5, article IV, provided for him the following remedies, and no other:

"If a lodge refuses or neglects to grant sick benefits to a brother, he may, at any time within four weeks thereafter, demand in writing that the lodge appoint a committee to investigate the matter, whereupon the lodge shall appoint a committee of five to hear the evidence, and report the facts and their conclusions to the lodge. Such committee shall, without unnecessary delay, notify the brother of the time and place of their meeting, and investigate the case. They shall keep full minutes of the evidence and of their proceedings, and report the same to the lodge with their conclusion. . . . . Upon the report being made, notice thereof shall forthwith be given by the secretary to the party against whom the verdict is rendered, and he shall have two weeks in which to file his exceptions; if no exceptions are filed within two weeks, the lodge shall proceed to pronounce its judgment and decision. An appeal from the judgment of the lodge may be taken at any time within two weeks thereafter, to the grand lodge, on questions of law or fact, or both, and if no such appeal is taken, the judgment of the lodge is final. When a bill of exceptions to the report of the committee is filed, as above provided, the lodge may determine upon its merits, and

either change, modify, or sustain the report of the committee, or refer the same back to the same or another committee, or order a new investigation. If the lodge shall deem the exceptions not well taken, it shall proceed to pronounce its judgment and decision. Each witness, at the conclusion of his testimony, and before other proceedings in the case are had, shall have his testimony, as taken down by the committee, read over to him, and shall make such corrections thereof as he may deem proper, and shall thereupon sign each page of said testimony. The brother has the affirmative of the issue; and the committees appointed under this section shall be appointed and governed by the rules applicable to committees upon trials under charges."

In accordance with this section, the plaintiff demanded, in writing, that the lodge appoint a committee to investigate the question as to whether he was entitled to further benefits; whereupon the lodge appointed such committee, and the committee without delay notified plaintiff of their appointment, and also of a time and place when and where they would meet and investigate the matter; and the committee met at the time and place appointed, but the plaintiff refused to meet the committee at that time and place, or at any other time or place, and soon thereafter commenced an action against the defendant, in a justice's court, to recover benefits alleged to be due him, and obtained a judgment for the sum of sixty dollars and costs.

Thereafter, on March 20, 1894, a member of the defendant lodge made and filed in the lodge charges in writing against the plaintiff, specifying that plaintiff had violated his contract with the lodge, and thereby violated the rules and regulations of the lodge and of the grand lodge, by commencing and prosecuting said action in the justice's court; and also that during the year 1893 the plaintiff " claimed and received sick benefits from said lodge to which he was not entitled, thereby defrauding the said lodge, he having violated

section 21 of the by-laws." On the day these charges were made, the lodge, in compliance with its rules, appointed a committee of five members to investigate said charges, and to report the result to the lodge. The committee immediately summoned plaintiff to appear before it on April 3, 1894, at 7 o'clock P. M., to answer said charges, and notified him that in case he made default, he would be reported to the lodge as being guilty of contempt. This summons was served on plaintiff March 21, 1894, by delivering to him a copy thereof attached to a copy of said charges against him.

On March 31, 1894, the lodge received the following:

"MAGNOLIA LODGE, No. 29, I. O. O. F. OF CAL.

"*Gents:* Being convinced of a total absence of power in your organization to expel a member upon the 'charges' made against Max Levy, I have advised him that any action that you may take against him in that direction will be a nullity, and I therefore, on his behalf, respectfully suggest that you dismiss the 'charges' and proceedings that have been taken in respect thereto, as the entire matter is beyond the scope of your authority.          Yours respectfully,

"GEO. D. COLLINS,

"Attorney for Max Levy."

The lodge took no action on this letter, and the committee met at the hour appointed in the summons, and called the plaintiff and waited for him three hours, but he failed to appear (plaintiff testified that he declined to appear before the committee on the advice of Mr. Collins, his attorney). Thereupon the committee fully reported to the lodge its action and that plaintiff failed to appear, and also their conclusion that plaintiff was guilty of contempt of the authority of the lodge. The lodge adopted the report of the committee, and thereupon, without further notice to plaintiff, expelled him from the lodge; but immediately thereafter served on him the following written notice:

"HALL OF MAGNOLIA LODGE, No. 29, I. O. O. F., ODD
FELLOWS' HALL, corner Seventh and Market Sts.,
"SAN FRANCISCO, CAL., April 3, 1894.
"To MARKS LEVY, City,

"*Dear Sir and Bro:* Please take notice that at the reg-
ular meeting of this lodge, held this evening, the com-
mittee appointed to try certain charges preferred against
you by Bro. E. O. Flanders, P. G., reported you in con-
tempt according to section 5 of article VIII of the con-
stitution, you having failed to appear before it after
having been duly subpœnaed, and the lodge adopted the
report and you was accordingly expelled from member-
ship in the same.

"Yours in F., L. and T.,
[SEAL]                "SAMUEL POLACK,
"Secretary."

The plaintiff did not except to the report of the com-
mittee, nor appeal from the order of expulsion, nor seek
any other relief from the lodge; but, instead thereof,
commenced this proceeding for a writ of mandate.

Section 5 of article VIII, referred to in the above
notice to plaintiff of his expulsion, is included in the
following extract from that article, embracing sections 2
to 6, inclusive:

"SEC. 2. Any member who shall violate any of the
principles of the order, or offend against the constitu-
tion, by-laws, or rules of order of this lodge, or the penal
laws of the land, shall be fined, reprimanded, suspended,
or expelled, as the by-laws may direct or the lodge de-
termine.

"SEC. 3. Every member shall be entitled to a fair
trial for any offense involving reprimand, suspension,
or expulsion. No member shall be put upon trial unless
charges duly specifying the offense, so as fully to apprise
him of the nature thereof, and to enable him to prepare
for his defense, shall be submitted to the lodge, in writ-
ing, and signed by a member of a lodge within this juris-
diction, and a copy thereof, under seal of the lodge, be
served upon him.

"SEC. 4. Such charges shall be referred to a committee of five members, who shall, without unnecessary delay, summon the parties and try the case. They shall keep full minutes of the evidence and of their proceedings, and report the same to the lodge, with their verdict. . . . . Upon the report being made, notice thereof shall forthwith be given, by the secretary, to the party against whom the verdict is rendered, and he shall have two weeks in which to file his exceptions. If no exceptions are filed within two weeks the lodge shall proceed to pronounce judgment upon the verdict, and affix the penalty. An appeal from the judgment of the lodge may be taken, at any time within two weeks thereafter, to the grand lodge; and, if no such appeal is taken, the judgment of the lodge shall be final. When a bill of exceptions to the report of the committee is filed, as above provided, the lodge may determine upon its merits, and either sustain the report of the committee, or refer the same back to the same or another committee, or grant a new trial. If the lodge deems the exceptions not well taken, it shall proceed to pronounce its judgment and affix the penalty.

"SEC. 5. If the accused refuse or neglect to stand trial when duly summoned, the committee shall report him guilty of contempt of the lodge, which report shall be conclusive, and the punishment shall be expulsion.

"SEC. 6. If a specific penalty for an offense be provided in the constitution or by-laws, the noble grand shall enforce it. If none be so provided, the lodge shall decide by paper ballot whether the penalty shall be expulsion, suspension, or reprimand and fine. During the ballot the accused brother shall withdraw from the lodge-room. If, upon the first ballot, it shall appear that two-thirds of the ballots are cast for expulsion, such shall be the penalty. If two-thirds of the ballots are not cast for expulsion, then the lodge shall proceed to ballot for suspension; and if two-thirds of the ballots are cast for suspension, suspension shall be the penalty, and the lodge shall proceed to fix the duration of such suspen-

sion, which shall not exceed two years.    If neither expulsion nor suspension is determined as the penalty, as above provided, then the penalty shall either be reprimand, fine, or both; if fine is determined upon, then the lodge shall fix the amount, not exceeding ten dollars; if reprimand is decided upon, then the accused shall be reprimanded in open lodge by the acting noble grand. No ballot held under this section shall be reconsidered."

Those portions of the constitution and by-laws hereinabove set out are all fully set out in the pleadings, and none of them is denied by either party.    The statement on motion for new trial shows that they were all introduced in evidence without objection.    Both parties have properly treated them here as facts of record, without objection on the ground that they are not expressly found as facts by the court; and they are so considered in this opinion.

The only express findings purporting to be findings of fact, requiring any consideration, are the following: "1. That plaintiff did not at any time demand or receive from defendant sick benefits to which he was not entitled; 2. That neither of said charges (which he was summoned to answer before the committee) constitutes any offense against said defendant's constitution or by-laws, nor does either of said charges warrant the expulsion of plaintiff from membership in defendant organization, nor has defendant any power, authority, or jurisdiction to try plaintiff upon said charges, or to expel him from membership therefor; 3. That there is no by-law, rule, or regulation of defendant making or prescribing said charges a ground of expulsion from membership in said defendant lodge."    .

The first one of these findings is wholly irrelevant to any material issue of fact in this proceeding, it being responsive only to the charges which the plaintiff was cited to answer before the committee, and which he never denied.    Those charges are relevant to this proceeding only for the purpose of determining whether they constitute an infraction of the constitution or by-

laws of the defendant lodge, for which the plaintiff was. liable to be tried in the manner proposed and punished *in any way;* and they can be considered on this appeal for no other purpose.

The second and third of these findings are mere conclusions of law, involving only a construction of the constitution and by-laws of the association, or those portions thereof set forth in the record. Indeed, the record presents no question of fact.

That the charges which plaintiff was summoned to answer before the committee constituted a penal offense against the constitution and by-laws of the defendant lodge, which the lodge had jurisdiction to try in the mode proposed, was made sufficiently manifest by the extracts from the constitution and by-laws above set out, to wit: section 2 of article VIII, read in connection with sections 5 and 6 of article IV of the constitution, and section 21 of the by-laws. It was surely a violation of these to demand and receive payments to which they did not entitle him. The abandonment of his proceeding before the lodge to test his alleged right to benefits, and the commencement of the action in the justice's court, was also a plain violation of valid laws of the lodge which deprived him of the right to recover such benefits in any court of the state, though they did not deprive such courts of jurisdiction to hear and dispose of his complaint. Yet the fact that the laws of the lodge provided a remedy for the grievance complained of, which he had not pursued and exhausted, would have been a perfect defense to his action in any state court. (*Robinson* v. *Irish etc. Soc.,* 67 Cal. 135; *Screwmen's etc. Assn.* v. *Benson,* 76 Tex. 552; *People* v. *St. George Soc.,* 28 Mich. 261; *German Reformed Church* v. *Seibert,* 3 Pa. St. 282; *Olery* v. *Brown,* 51 How. Pr. 92; *White* v. *Brownell,* 4 Daly, 329; 4 Abb. Pr., N. S., 162; *Robinson* v. *Yates City Lodge,* 86 Ill. 598; *Otto* v. *Journeyman Tailor's etc. Union,* 75 Cal. 308; 7 Am. St. Rep. 156; Bacon on Benefit Societies, 2d ed., sec. 94.)

On the same principle courts of equity decline to in-

terfere with voluntary benevolent associations so long
as the means of relief provided by the society itself have
not been availed of and exhausted. (*Lafond* v. *Deems,*
81 N. Y. 507; *Dolan* v. *Court of Good Samaritan,* 128
Mass. 437; *Chamberlain* v. *Lincoln,* 129 Mass. 70.)

It is objected to those charges against plaintiff (here
for the first time) that they are not sufficiently specific.
They are sufficiently specific to apprise the plaintiff " of
the nature thereof, and to enable him to prepare for his
defense," though the first step in such defense may have
been in the nature of a well-grounded special demurrer
in a court of law.    But they would not be subject to a
general demurrer on the ground that they state no
offense against the constitution or by-laws of the lodge
even in the courts of the state.    There was no demur-
rer, however, nor any motion to have the charges made
more specific.    The letter of Mr. Collins to the lodge
merely denied the power of the lodge to *expel* plaintiff
on those charges, and gave notice that any action taken
by the lodge in that direction would be a nullity.    It
contains no complaint, that the charges are not suffi-
ciently specific.    Besides, plaintiff testified that, on the
advice of Mr. Collins, he refused to appear before the
committee; therefore his default was intentional and
without other excuse than that stated in the letter of
his attorney to the lodge.

In a case very similar to this (*People* v. *St. George Soc.,*
*supra*), in which *mandamus* to reinstate a member was
denied, the court said: "As these are proceedings under
articles agreed to by all the members, it is necessary to
consider them without much regard to technicalities,
and to follow substantial justice more than form."    In
that case the defendant was incorporated.

Whether the penalty of either of those charges might
have been expulsion, or only a fine of ten dollars, is
immaterial, since plaintiff was not tried nor expelled
on either of those charges, but was expelled for
contempt of the authority of the lodge in refusing to
appear before the committee or to stand trial on those

charges.   His expulsion was in strict accordance with section 5 of article VIII of the constitution; and whether that section is valid and binding on the defendant seems to be the only remaining debatable question presented for decision.

The only objections suggested by counsel to section 5, article VIII, are that it makes the report of the committee conclusive, and affords the party reported to be in contempt no opportunity to except to the report of the committee; and that it provides for no appeal from the order of expulsion in that class of cases.

Conceding, without deciding, that both grounds of the objection existed, the question is whether or not the right to except to the report of the committee, or the right to appeal from the order of expulsion, is such that the plaintiff could not have waived it by contract, since there is no question that the plaintiff did all in his power to waive them by signing the constitution and by-laws of the association, which association existed and exercised its functions only by virtue of the contract expressed in its constitution and by-laws signed by all its members.

It is well settled that a person may waive any legal right unless such waiver injuriously affects some other person, or is forbidden by law or opposed to public policy.

A party may, by contract, waive a statutory right (*Bowen* v. *Aubrey*, 22 Cal. 566), and where, in a criminal case, a verdict has been returned, the defendant may waive the delay of sentence allowed by statute for his benefit, by consenting that judgment on the verdict may be pronounced immediately. (*People* v. *Robinson*, 46 Cal. 94.)   He may also, by contract, waive his constitutional right to notice of and opportunity to defend a civil action against him; for example, a motion for judgment against him on an appeal bond signed by him as surety in accordance with section 942 of the Code of Civil Procedure (*Meredith* v. *Santa Clara Min. Assn.*, 60 Cal. 617, and cases there cited; *Mowry* v. *Heney*

86 Cal. 471), on the theory that said section of the code enters into and becomes a part of the bond; whereas, in the case at bar, the plaintiff, without reference to any statute, expressly contracted that the report of the committee in question should be conclusive.

In answer to the suggestion that section 5, article VIII, of the constitution of the defendant is unreasonable and oppressive, and therefore invalid, it is to be observed: 1. That said section is not a by-law in the ordinary sense of the word as applied to corporations, it being a part of the written contract (constitution) by which the unincorporated association (the lodge) was created, and bears the same relation to the association as do charters by the legislature to private corporations (*Hogan* v. *Pacific Endowment League*, 99 Cal. 248); 2. But even if the defendant lodge had been incorporated, and section 5 of its present constitution had been enacted as a by-law conceded to be unreasonable, and therefore invalid as a by-law, it would nevertheless be valid as a contract if signed or agreed to by all the members of the corporation. "What is bad as a by-law, as against common right, may, however, be good as a contract, since, as a learned writer (Angell and Ames on Corporations) expresses it: "A man may part with a common right voluntarily, of which it would be impolitic and unjust to deprive him by a by-law passed without his assent, or perhaps knowledge, by those who would not consult his individual interests." (Bacon on Benefit Societies, 2d ed., sec. 87, and authorities there cited. See, also, *Slee* v. *Bloom*, 19 Johns. 456; 10 Am. Dec. 273; *Cooper* v. *Frederick*, 9 Ala. 738; *Amesbury* v. *Bowditch etc. Ins. Co.*, 6 Gray, 596; *Davis* v. *Proprietors etc.*, 8 Met. 321.)

On the facts found and admitted by the pleadings, I think the plaintiff was lawfully expelled from the defendant lodge, and that it was not the duty of the defendant to reinstate him at the time this proceeding was commenced, or at any time since; and, therefore, that the judgment awarding the writ of mandate should be

reversed, and the court below instructed to dismiss the proceedings.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment awarding the writ of mandate is reversed and the court below instructed to dismiss the proceeding.

McFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.