[Civ. No. 7008. First Appellate District, Division One.—June 27, 1930.]

HUGH McCONVILLE, Appellant, v. MILK WAGON DRIVERS' UNION, LOCAL No. 226, OF SAN FRANCISCO, CALIFORNIA, et al., Respondents.

697

George O. Bahrs for Appellant.

Henry Heidelberg for Respondents.

THE COURT.—This is an appeal by plaintiff from a judgment of dismissal entered after a motion for nonsuit was granted in an action for damages brought by plaintiff against the Milk Wagon Drivers' Union, its business agent and its secretary-treasurer, for the alleged illegal suspension of plaintiff from the membership of said union for a period of ninety days for having violated the laws of the union prohibiting its members from soliciting trade from each other's milk routes.

 As pointed out in the case of *Ott* v. *Tailors' P. & B. Union*, 75 Cal. 308 [7 Am. St. Rep. 156, 17 Pac. 217, 219], the general rule is that in the matter of administering

disciplinary measures an organization such as the one here involved "acts in a *quasi*-judicial character and so far as it confines itself to the exercise of the powers vested in it, and in good faith pursues the methods prescribed by its laws, such laws not being in violation of the laws of the land or any inalienable right of the member, its sentence is conclusive, like that of a judicial tribunal (*Commonwealth* v. *Pike Benevolent Soc.*, 8 Watts & S. (Pa.) 250; *Burt* v. *Grand Lodge, F. & A. M.*, 44 Mich. 208; *Robinson* v. *Yates City Lodge*, 86 Ill. 598)''; and it is beyond the power of the courts to interfere with its action ''except in the following cases: '1. If the decision arrived at was contrary to natural justice, such as the member complained of, not having an opportunity to explain misconduct; 2. If the rules of the club have not been observed; 3. If the action of the club was malicious, and not *bona fide.*' '' (See, also, *Lawson* v. *Hewell*, 118 Cal. 613 [49 L. R. A. 400, 50 Pac. 763].) Furthermore, it is held generally that with respect to the merits of the charges which have resulted in suspension or expulsion of the member the province of the court is restricted to the ascertainment of whether there was any evidence whatever before the union to support its conclusion, and that it may not consider the weight of such evidence nor substitute its judgment thereon for the judgment of the tribunal before whom the member was tried (Martin's Modern Law of Labor Unions, p. 393; *Fritz* v. *Knaub*, 57 Misc. Rep. 405 [103 N. Y. Supp. 1003]).

The complaint in the present action does not set forth the particular facts plaintiff relies upon as establishing the illegality of the action of the union in suspending him from its membership, it being alleged merely that "without just or any cause, or any right, reason, or excuse [the defendants] deliberately, intentionally, and wilfully suspended the plaintiff above named from membership . . . for a period of ninety (90) days. . . . '' However, on this appeal, he urges the points, first, that the proceeding before the union was not instituted and prosecuted in good faith, but on the contrary was "merely a step and a plan on the part of the union and the milk dealers' association to put [plaintiff] out of business''; and secondly, that such pro-

ceeding was not conducted in conformity with the provisions of the union's constitution and by-laws.

In our opinion the evidence adduced at the trial before the superior court was wholly insufficient as a matter of law to establish either of the foregoing points, and consequently we think the trial court was justified in granting the motion for nonsuit.

Admittedly, the constitution of the defendant union declares that "no member of this organization shall solicit trade of any former employer and no member shall solicit the trade of any employer whatsoever"; and the written agreement existing between the Milk Dealers' Association of San Francisco and the Milk Wagon Drivers' Union, which is expressly made a part of the laws of the union, provides that "no driver shall be permitted to solicit the trade of any former employer or of any dairy whatsoever and it is agreed that no bonus, percentage, or commission shall be paid to or accepted by any driver to induce him to solicit trade." Furthermore, the by-laws of the union are to the effect that "violations of constitution, by-laws, working rules or agreement (are punishable) by a fine of not less than $5 nor more than $50; second or repeated offenses by a fine or suspension." Besides testifying in his own behalf before the superior court plaintiff called three witnesses to substantiate the allegations of his complaint. Two of them were respectively the business agent and secretary-treasurer of the union; and it was disclosed by their testimony, without conflict, that the decision of the union sustaining the charges against plaintiff and directing his suspension was based upon the affirmative testimony of at least seven witnesses; and that it was plaintiff's second conviction for repeated offenses. Obviously, therefore, under the rule of the cases above cited, the decision of the union as to the merits of the charges was controlling upon the trial court and jury. True, all of the witnesses appearing before the union were employees of a competing milk company, but certainly it does not follow from such fact alone, as a matter of law, that their testimony was worthless and should be disregarded, or that they were not acting in good faith in testifying. Nor are we able to find anything in the testimony given by plaintiff or the officers of the union from which the inference could be fairly drawn

that the latter's activities in causing the charges to be instituted and prosecuted were prompted by impure motives. The fourth witness was one of the officers of plaintiff's employer and his testimony had no material bearing upon the question now under consideration. We therefore agree with the ruling of the trial court that the evidence as a whole was legally insufficient to establish an element of bad faith.

The constitution of the local union provided that "no member shall be placed on trial unless charges are preferred, duly specifying the grievances and submitted in writing and signed by the member making the charges, a copy of which shall be delivered to the accused. The Secretary shall notify the accused and the witnesses to appear before the Executive Board of the Union." The evidence before the trial court shows that charges were preferred against plaintiff by a fellow member of the union in conformity with the foregoing provisions, accusing plaintiff "of soliciting as laid down in the aforesaid constitution and by-laws of this union" and that plaintiff was notified in writing by the secretary-treasurer of the filing of said charges and of the time and place for the hearing of the same; but it appears that a copy of said charges was not delivered to plaintiff prior to the time of the commencement of the hearing before the union, and he therefore contends that the proceedings based on said charges were illegal and void. The evidence further shows, however, without conflict, that in obedience to the written notice served upon plaintiff by the secretary-treasurer he appeared before the executive board of the union for trial, was fully informed at that time of the nature of the charges filed against him, and although he objected to the legality of the proceedings upon the ground that a copy of said charges had not been previously delivered to him, he requested no postponement and proceeded with the hearing and fully participated therein by cross-examining the witnesses produced against him and testifying in his own behalf. Under such circumstances, the authorities hold, he waived the requirement of the delivery of a copy of said charges. (*Harris* v. *Aiken*, 76 Kan. 516 [123 Am. St. Rep. 149, 92 Pac. 537]; *Durel* v. *Perseverance Fire Co.*, 47 La. Ann. 1101 [17 South. 591]; *People* v. *Coachmen's Union*, 4 Misc. Rep. 424 [24 N. Y. Supp. 114].)

Moreover, as held in the cases hereinafter cited, associations of the kind here involved are not bound to use the strict regularity of legal proceedings, and in reviewing the proceedings taken by such organization relating to the enforcement of its disciplinary laws, the courts will disregard technicalities and not interfere because of a departure from form unless it appears that the accused has been denied a full opportunity to defend himself and the organization has not exercised its powers fairly and in good faith. (*Levy* v. *Magnolia Lodge,* 110 Cal. 297 [42 Pac. 887]; *People* v. *St. George's Soc.,* 28 Mich. 261; *Albers* v. *Merchants' Exch.,* 39 Mo. App. 583; *Hutchinson* v. *Laurence,* 67 How. Pr. (N. Y.) 38; Martin's Modern Law of Labor Unions, p. 386.) We find no such situation here.

The judgment is therefore affirmed.