[Civ. No. 10077. First Appellate District, Division Two.—June 1, 1936.]

BARA KRAMER, Appellant, v. SLOVENIAN LADIES SOCIETY OF ST. MARY (a Corporation), Respondent.

Manuel F. Sylva for Appellant.

Otto G. Kuklinski for Respondent.

SPENCE, J.—Petitioner filed her petition in the superior court seeking a writ of mandate to compel the defendant society to reinstate her as a member. From a judgment denying the writ, petitioner appeals.

The defendant society is a benefit society paying certain sick benefits and funeral benefits. Petitioner had been a member thereof for 22 years and during that period had paid dues in the sum of approximately $288 and had received $90 in benefits. On November 25, 1933, the defendant society held a banquet at which about 200 members attended. Cocktails,

wine and beer were served. Petitioner became intoxicated and was finally removed from the hall by a police officer. While at the banquet, petitioner had broken dishes and other property of the value of $4.65 and had used vile language calling the officers and other members of the society certain names in the Slovenian language, said names being the equivalent of "chippies and whores".

Thereafter petitioner was present at a regular meeting of the society on December 28, 1933. At said meeting an anonymous letter was received accusing petitioner of various acts of misconduct at said banquet. The reading of said letter resulted in a general discussion of the charges made against petitioner. Petitioner entered into the discussion stating that she did get intoxicated at the banquet, but that she had no recollection of what had happened. She further stated that a friend of hers had told her that she had done the things to which reference has been made. She offered to apologize and to pay for the breakage. Upon motion the society decided to take action in the matter and requested petitioner to leave the meeting. Petitioner temporarily left the meeting. It was then determined that petitioner "must pay $4.65 for breakage, $5.00 for insulting the officers and $5.00 for insulting its members, a total of $14.65 and if the fine be not paid within thirty days, that petitioner be expelled". Petitioner was then requested to return to the meeting and upon doing so, she was informed of the action which had been taken. Thereupon petitioner repeated that she was willing to apologize and to pay the sum of $4.65, "but that she absolutely refused to pay the $5.00 fine for insulting the officers and the $5.00 fine for insulting its members at said banquet". Petitioner failed to pay and after the lapse of about three months, she was expelled because of such failure.

Petitioner contends that the procedure leading up to her expulsion was illegal and irregular and contrary to the by-laws of the defendant society. She therefore claims that she was entitled to the issuance of a writ of mandate to compel her reinstatement. We find no merit in this contention. While the proceedings were informal, it appears that petitioner had ample opportunity to defend herself against the accusations made but that she did not see fit to make any defense. She admitted in effect that the accusations were true

and asked no further opportunity to defend against any of the several accusations.

Turning to the by-laws of the society, we find that the right "to impose fines and expel members" was expressly reserved. It was there provided that "During entertainments officers and members shall conduct themselves courteously. Members found guilty of improper conduct shall be subject to fine." It was also provided "The society shall have the right to fine its members for transgression of the laws and the rules from 25c to $5.00 with the extreme penalty of expulsion from the society." Another provision read: "A member who attempts to injure a sister member either physically or mentally shall pay a fine of $5.00. If such fine shall not be paid within 30 days she shall be excluded. Repeated violations of this shall result in expulsion without exception."

Petitioner cites certain sections in the by-laws regarding procedure. One section read, "In all cases, charges against an accused member must be proven before said member shall be expelled." Another read, "An accused member shall have the right to defend herself or be defended by another member; she must be absent from the meeting hall while the deciding vote is being taken." Another read, "All accusations shall be referred to a special committee appointed by the Society, consisting of at least seven members. The committee shall investigate all matters and report as soon as possible to the Society, which shall sanction or reject the verdict." In the same article with the two last mentioned sections, which article is entitled "General Regulations", is found another section reading "Any matters which are not noted in these rules or regulations shall be determined at the regular meetings of the society."

As we view the situation, the society had before it a case in which the several violations of the laws of the society had been committed by petitioner in the presence of the members at one of its functions. Petitioner was present at the meeting of the society on December 28, 1933, heard the accusations which were made against her and in effect entered a plea of guilty to said accusations. There were no by-laws of the society expressly covering such a situation and we believe that under the last-mentioned section of its by-laws, the society had the power to proceed to determine the penalties to be imposed. It did so and there is nothing to show that it

did not act fairly and in good faith. It had the power to expel forthwith, but it decided merely to require petitioner to pay for the breakage and to pay a fine of $5.00 for insulting the officers and a fine of $5.00 for insulting the members, the total sum of $14.65 to be paid within 30 days. Thereafter the action expelling petitioner was not taken for approximately three months and then only upon the absolute refusal of petitioner to make the payment required.

While petitioner claims certain irregularities in the procedure, it is quite apparent that her main objection then, as well as now, was her objection to the imposition of any fine over and above the amount of $4.65 to cover the breakage. There was no express requirement in the by-laws for the filing of any formal accusation or the serving of any citation on petitioner. It was not necessary to prove the charges against petitioner or to appoint a special committee to investigate said charges when the truth of such charges was admitted and the adoption of such procedure would have been a mere idle act. Petitioner was not denied the opportunity to defend herself, but conceded then and concedes now that she had no defense. The society had the power to impose fines totally in excess of $5 when the charges against petitioner involved several violations of the laws of the society and petitioner was not fined more than $5 for any one violation.

At best, petitioner's claims of irregularities in the procedure are technical and the language of the court in *McConville* v. *Milk Wagon Drivers' Union,* 106 Cal. App. 696 [289 Pac. 852], may well be applied here. It was there said, "Moreover, as held in the cases hereinafter cited, associations of the kind here involved are not bound to use the strict regularity of legal proceedings, and in reviewing the proceedings taken by such organizations relating to the enforcement of its disciplinary laws, the courts will disregard technicalities and not interfere, because of a departure from form unless it appears that the accused has been denied a full opportunity to defend himself and the organization has not exercised its powers fairly and in good faith." There was no showing in the present case that petitioner did not have a full opportunity to defend herself or that the society did not act fairly and in good faith.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.