*rison*, 67 How. Pr. 271. Where copartners are sued, one partner cannot bind the other members of his firm by offering to allow judgment in any action against the firm, (*Weed* v. *Bergstresser*, 2 Law Bull. 55; *Binney* v. *Le Gal*, 19 Barb. 592,) except where there is evidence that the other partner authorized such offer, or assented to it. It is evident that the defendant Roberts did not authorize the offers made in these cases, nor does he assent thereto. For the reasons that I believe, as a matter of fact, that these judgments are fraudulent against the defendant Roberts, and, as a matter of law, one copartner cannot make the offer permitted by section 738 of the Code against his firm without consent of such firm, I order and direct that these judgments be vacated and canceled as against the defendant Roberts, and that they stand only against defendant Rich individually. Submit an order.

---

### BURNS *v.* BRICKLAYERS' BENEVOLENT & PROTECTIVE UNION.

*(City Court of Brooklyn, Special Term.  February 17, 1890.)*

BENEVOLENT SOCIETIES—FINES—REMEDIES.
    The Bricklayers' Benevolent & Protective Union, an incorporated association, designed to secure fair wages for its members, prescribes certain fines for violations of its laws, and provides for an appeal from the imposition of fines. *Held*, that a member could not sue to annul fines imposed on him until he had appealed as prescribed by the laws of the association.

Action by John Burns against the Bricklayers' Benevolent & Protective Union of the city of Brooklyn. The complaint is as follows: "The plaintiff above named, complaining of the defendant, alleges: (1) That at the times hereinafter mentioned the defendant was and now is a domestic corporation, duly organized and existing by and under the laws of the state of New York. (2) That the object of said corporation, as appears by its constitution and by-laws, which plaintiff begs leave to refer to and hereby makes a part of this complaint, is to obtain by legal means a fair remuneration for the labor of its members. (3) That plaintiff has been a member of said corporation for the past ten years, and as such is entitled to all privileges and rights of members. (4) That on or about the 2d day of January, 1889, plaintiff, with other fellow-workmen, members of the defendant corporation, was ordered by the duly-appointed walking delegate of the defendant 'to strike' on the job where they were then working, and plaintiff, in obedience to said order, did 'strike;' that plaintiff, under the orders of the defendant, its agents, servants, or employes, remained on the 'strike' for a period of two weeks; that at the expiration of said two weeks, plaintiff, being poor and the head of a family wholly dependent upon him for support, and not having been allowed the compensation allowed to married men when on a 'strike' pursuant to article 12 of the constitution of the Bricklayers' and Masons' International Union of America, which plaintiff begs leave to make a part of this complaint, returned to work on the job aforesaid, and for so returning and so working plaintiff was fined several times by the defendant, aggregate amount being seventy-five dollars. (5) That the infliction of said fine was arbitrary, capricious, unreasonable, and contrary to the spirit and policy of the constitution and by-laws of defendant. (6) Plaintiff further alleges on information and belief that the defendant or its officers never duly made application for authority to 'strike,' and never received the permission to order a 'strike' of its members, as required by article 12 aforesaid; that said strike was therefore unauthorized, illegal, and improper, and all acts and proceedings of defendant under color of said 'strike' were null and void. (7) That by reason of said 'strike,' and all acts and proceedings of defendant thereunder, to-wit, the infliction of the fines aforesaid, and the refusal of defendant to issue to plaintiff such credentials as would allow him to resume work with union employes, plaintiff has been, and is now, incapaci-

tated in obtaining work, to his damage four hundred dollars. Wherefore plaintiff demands judgment against the defendant: (1) That the 'strike' ordered on or about January 2, 1889, be declared irregular, unauthorized, and void, and all acts and proceedings of defendant under color of said 'strike' be declared null and void. (2) That the three separate fines, or as many as there were affecting plaintiff, aggregating the sum of seventy-five dollars, be declared null and void, and of no force and effect. (3) That the amount paid by plaintiff on account of said aggregate amount of fines be credited to plaintiff on the books of the association as and for dues and assessments that may legally arise hereafter. (4) That plaintiff be reinstated to said union and to its rights and privileges to the extent of being allowed to resume work as a union man, and that he be given such credentials as will show that he is a member of defendant in good standing. (5) That the defendant pay to the plaintiff the sum of four hundred dollars as his damages, besides costs."

The answer is as follows: "The defendant answering the plaintiff's complaint herein: *First.* Admits it is a domestic corporation; and admits that its objects are to obtain by legal means a fair remuneration for the labor of its members; and it further admits that plaintiff was at one time one of its members; but it denies that plaintiff is now entitled to all the privileges and rights of members. Defendant further denies that plaintiff was ordered by its walking delegate or any one else to 'strike' on the job where he was working on or about January 2, 1889; and it denies that the plaintiff did 'strike.' Further answering the plaintiff's complaint, defendant denies that plaintiff, under orders of the defendant, its agents, servants, or employes, remained on 'strike' for a period of two weeks or any other period; and defendant admits that it imposed fines upon the plaintiff, but denies that said fines were imposed for the plaintiff's returning to work upon said job after such alleged 'strike.' Defendant, further answering the complaint, denies that the infliction of said fine was arbitrary, capricious, unreasonable, or contrary to the spirit and policy of the defendant's constitution and by-laws. Defendant, further answering, admits that it never made application for authority to 'strike,' and further admits that it never received permission to order such alleged 'strike;' and, further answering, defendant alleges that no 'strike' was ordered or authorized by it upon such job. *Second.* Further answering, the defendant denies each and every allegation in said complaint not hereinbefore expressly admitted or denied. *Third.* Further answering the plaintiff's complaint, and for a separate answer and defense thereto, defendant alleges that the plaintiff has not, before invoking the aid of this court in his behalf, exhausted his remedies against this defendant for its alleged illegal proceeding against him, as provided for by its constitution and by-laws and by the constitution and rules of order of the Bricklayers' and Masons' International Union of America, to which body the defendant is subordinate, and by which body the defendant is governed, both of which constitution and by-laws and constitution and rules of order, respectively, the defendant begs leave to make a part of this answer. Wherefore defendant demands that the complaint herein be dismissed, with costs."

The court found as facts the incorporation of defendant for the purposes alleged in the complaint; that defendant had been a member thereof for nine years prior to February 11, 1889; that plaintiff was in the employ of one Thomas H. Robbins as a bricklayer; that on Saturday, December 22, 1888, said Robbins failed to pay plaintiff his weekly wages, and did not pay said wages until December 24th, and did not pay plaintiff for his detained time; and that Robbins, after December 22, 1888, and until February 11, 1889, failed to pay his employes their weekly wages, and employed non-union men, —all of which plaintiff knew was in violation of defendant's laws; that on December 24, 1888, plaintiff left said Robbins' employ, but returned again on January 2, 1889, and continued to work for said Robbins, which plaintiff

knew was a violation of defendant's laws; that for so violating the defendant's laws charges were duly presented, and hearings were had upon said charges after due notice thereof had been given to plaintiff, and plaintiff was thereupon found guilty of the charges so made, and was fined as follows: January 7, 1889, the sum of $10; January 14, 1889, the sum of $25, leaving a balance unpaid on said fines of $50, making in all the sum of $75; that there is still an unpaid balance of $50 due on account of such fines; that defendant's laws provide for an appeal from the imposition of fines, and that defendant did not appeal; and that defendant is a member of the Bricklayers' & Masons' International Union of America, and is subject to its laws. The court filed the following conclusions of law: "(1) That the fines aggregating the sum $75 imposed upon the plaintiff by the defendant between January 7, 1889, and February 11, 1889, were duly and legally imposed; (2) that there remain due and unpaid to the defendant from the plaintiff the sum of $50 balance of said fines; (3) that before invoking the aid of this court the plaintiff must first exhaust the remedies provided for him by the defendant within the power of the defendant itself; (4) that the complaint of the plaintiff must be dismissed, with costs."

*Charles E. Brandt,* for plaintiff.   *Thomas E. Pearsall,* for defendant.

No opinion. OSBORNE, J., directed judgment in favor of defendant dismissing the complaint on the merits, with costs.

---

### TOWNSHEND *v.* LOEW *et al.*

(*Superior Court of New York City, General Term.* July 8, 1890.)

EJECTMENT—TITLE TO SUPPORT—POWERS IN TRUST.

C. conveyed mortgaged property to R., her heirs, etc., in trust to receive the income, and apply it to the use of C. for life, and after her death to convey the property to C.'s children and grandchildren. *Held* that, under 1 Rev. St. N. Y. p. 729, § 59, providing that land to which a power in trust relates shall remain in or descend to the persons otherwise entitled, subject to the execution of the power, R.'s power to convey not having been exercised, the legal title to the land passed to the purchaser at the sale under the mortgage during C.'s life, and C.'s children and grandchildren, after her death, had no such title as would support an action of ejectment. Following *Townshend* v. *Frommer,* 5 N. Y. Supp. 442.

Exceptions from jury term.

Action in ejectment by John Townshend against Edward V. Loew and others. A verdict was directed for defendants, and plaintiff's exceptions were ordered to be heard in the first instance at general term.

Argued before TRUAX and INGRAHAM, JJ.

*John Townshend,* plaintiff, *in pro. per.*   *John C. Shaw,* for defendants.

PER CURIAM. The exceptions taken by the plaintiff are overruled, and judgment is ordered for the defendants on the verdict, on the authority of *Townshend* v. *Frommer,* 5 N. Y. Supp. 442, with costs.

---

### TOWNSHEND *v.* McGUIRE *et al.*

(*Superior Court of New York City, General Term.* July 8, 1890.)

Exceptions from jury term.

Action in ejectment by John Townshend against Catherine J. McGuire and others. A verdict was directed for defendants, and plaintiff's exceptions were ordered to be heard in the first instance at general term.

Argued before TRUAX and INGRAHAM, JJ.

*John Townshend,* plaintiff, *in pro. per.*   *John C. Shaw,* for defendants.

PER CURIAM. The exceptions taken by plaintiff are overruled, and judgment is ordered for the defendants on the verdict, on the authority of *Townshend* v. *Frommer,* 5 N. Y. Supp. 442, with costs.