(9 Misc. Rep. 633.)

## LEVY v. UNITED STATES GRAND LODGE, I. O. S. B.

(Supreme Court, Special Term, New York County. September, 1894.)

1. ASSOCIATIONS—TRIAL OF DISPUTES—RESORT TO LAW.

Where the constitution of a benevolent association provides that, in the event of a dispute between a member and the association, such member must exhaust all the remedies provided by the constitution before resorting to the court of law, and the tribunals of the association consist of an "executive committee," and a "court of appeals" to which appeals may be taken from the decisions of the executive committee, a member must appeal to said "court of appeals" before he can resort to a court of law.

2. SAME—MATTERS OF POLICY.

The courts, in the absence of bad faith, will not interfere with the decisions of a voluntary association as to questions of policy, discipline, and internal government.

Action by Magnus Levy against the United States Grand Lodge, Independent Order Sons of Benjamin, to enjoin defendant from interfering with plaintiff in the office of financial secretary of Levy Lodge, No. 65, a subordinate lodge of defendant. Plaintiff moves to continue a temporary injunction. Denied.

Otto Irving Wise, for the motion.
Mitchel Levy, opposed

LAWRENCE, J. I am of the opinion that the temporary injunction heretofore granted herein should be dissolved for the following reasons:

First. By article 4 of part 4 of the constitution of the United States Grand Lodge of the Independent Order of the Sons of Benjamin it is provided that in the event of any dispute, between a member of a lodge and this order, relative to the payment of any endowment or benefit, or any other matter or thing connected with, or arising out of, such membership in this order, it is incumbent for such member to exhaust all the remedies provided by the constitution of this order before resorting to a court of law. This is the contract between the plaintiff and the defendant, and, in the absence of fraud and conspiracy on the part of the defendant, is binding upon the plaintiff, and must control in the disposition of this motion. Such allegations as are contained in the plaintiff's moving papers as tend to show that the grand lodge has been actuated by improper motives in the action which it has taken in respect to the plaintiff are fully met and denied in the defendant's affidavits. It is claimed on the part of the defendant that, as charges had been preferred against the plaintiff, he was ineligible to the office of financial secretary of his lodge at the time that he claims to have been elected to that position. He had been notified of those charges, and a copy of the charges had been served upon him. The affidavits of the defendant also show that such charges had been served by the grand secretary of the defendant upon Levy Lodge, No. 65, of which the plaintiff was a member, and that he was therefore ineligible for office in said

lodge. These notices were served prior to the election of the plaintiff, and Levy Lodge, No. 65, must have voted for him with full knowledge of the fact that, under the provisions of the defendant's constitution and laws, the plaintiff was ineligible to the said office of financial secretary. It is also claimed by the defendant that any delay which has occurred in the trial of the plaintiff was caused by the plaintiff's action in challenging the various members of the trial committee which was to pass upon such charges. The constitution of the defendant (part 5, art. 1) provides for the election of a court of appeals. It appears that such court of appeals is in existence, and the constitution provides that "any lodge or brother of a lodge who is dissatisfied with the decision of the committee on appeals or the executive committee  *  *  *  shall have the right to appeal to the court of appeals. Such appeal must, however, be submitted within twenty days after such decisions were received." See section 2, art. 1, p. 5. It appears to me that the plaintiff must resort to the court of appeals if he desires to review the decision of the executive committee in his case. That he has not done, and he has not, therefore, exhausted all the remedies of the order, as provided by the constitution and general laws before referred to.

Second. I understand the rule to be that, in all questions of policy, discipline, and internal government, the decisions of the society should govern. This is certainly so in all cases where fraud or bad faith is not made out, and, as I have already stated, the defendant's affidavits sufficiently refute all allegations imputing bad faith to the executive committee of the defendant. This rule is very clearly expressed by the court of appeals in the case of Lafond v. Deems, 81 N. Y. 514. Miller, J., in delivering the opinion of the court, says:

"Courts should not, as a general rule, interfere with the contentions and quarrels of voluntary associations, so long as the government is fairly and honestly administered; and those who have grievances should be required in the first instance to resort to the remedies for redress provided by their rules and regulations."

Third. In any event, it may well be doubted whether an action for an injunction is an appropriate remedy for the alleged grievances of the plaintiff. See Hartt v. Harvey, 32 Barb. 55, and cases cited. Draw order in accordance with these views, and settle on notice. Motion denied.