### JOHANSEN v. BLUME.

(Supreme Court, Appellate Division, Fourth Department. July 24, 1900.)

BENEFICIAL SOCIETIES—EXPULSION OF MEMBER—CAUSE—SUFFICIENCY.

> Plaintiff, a member of a mutual benefit association, was accused of making untrue statements in his application for aid. He was notified in writing of the accusation against him, and requested to appear and defend at a meeting of the executive board. He failed to do so, and a committee from the board waited on him, apprised him of the accusation, and heard his explanation. After full discussion, a resolution of expulsion was passed, and plaintiff advised thereof, and of his right of appeal. *Held*, that the action of the board was regular and in good faith, and, since plaintiff failed to exercise the right of appeal given him under the constitution of the order, the courts will not interfere.

Appeal from special term, Onondaga county.

Action by Neils Johansen against Ernest Blume, as president of Branch No. 7 of the Workmen's Sick & Death Benefit Fund of the United States of America, to recover a sum claimed by plaintiff from the sick benefit fund, and also for damages for his expulsion from defendant organization. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

The defendant was president of the local organization named in the caption, and plaintiff was one of its members. It was an unincorporated branch of a society extending generally throughout the United States, and was designed, among other objects, for providing a benefit fund for its sick or disabled members. The plaintiff had belonged to the society since 1894, and had once received aid on account of sickness. In September, 1897, he was again confined to his house by illness, and the physician of the order who attended him complained to the executive board that his affliction was due in part to a chronic sore on his ankle of long standing, and of which he had not apprised the society in his application. Section 13, subd. a, of the constitution of the society, permits the expulsion of a member for untrue statements to the physician or in his application, or if he "has kept silent concerning a severe sickness." Section 14 vests the power of expelling a member with the branch executive board, and provision is made in subdivision 1 of section 13 for an invitation to the accused to appear and defend himself. In pursuance of this requirement, the plaintiff was notified in writing, September 16, 1897, that he was "accused, according to paragraph 13, of having made false statements to the doctor," and he was requested to appear September 19th, at 10 a. m., at the meeting of the executive committee, at the residence of the financial secretary, 112 Jasper street. On the evening in question every member of the executive board was present, but the plaintiff did not appear. A committee consisting of three members of the executive board were appointed to visit the plaintiff personally, and investigate the charges and report. This subcommittee went to plaintiff's house, apprised him of the accusation against him, heard his statement and explanation, and reported the same that evening to the executive board, and, after a protracted discussion, a resolution of expulsion was adopted. The next day the secretary of the local body advised plaintiff in writing of this expulsion, and at the same time notified him of his right to appeal to the branch meeting within 30 days. No appeal was ever taken.

This action was commenced on the 17th day of February, 1898, in the municipal court of the city of Syracuse, where all the transactions occurred, to recover $27, which plaintiff claims was due him from the sick benefit fund by reason of his illness for three weeks, and also for damages resulting from what he alleges was an illegal expulsion from the society.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

S. D. Solomon, for appellant.
F. A. Kuntzsch, for respondent.

SPRING, J. The only question involved on this appeal is the regularity of the proceedings culminating in the expulsion of plaintiff. He was informed, both by letter and orally, of the charges against him, and did not appear, nor did he ask for any adjournment. Jurisdiction of the person was acquired by the written notice served upon him, and the entire course pursued seems to have been in conformity to the constitution of the association. The subcommittee chosen to visit him were given no authority. They were selected to investigate,—to acquire information,—but ultimate action was taken by the executive board itself. There was therefore no delegation of power by that board in whom was vested primarily the power of expulsion.

The constitution of this society gives three appeals to the expelled member—First, to his local branch; second, if its decision is adverse, then to the national executive board within 30 days; and, third, within a like period, to a general vote of the organization. The appeal is a matter of unqualified right, and available to any expelled member. Courts are chary to interfere with the internal affairs of a mutual organization, at least until the complaining member has resorted to all the remedies provided for in the regulations of the society for a redress of his grievances. Lafond v. Deems, 81 N. Y. 507; Poultney v. Bachman, 31 Hun, 49–54; Thomas v. Union, 121 N. Y. 45–55 et seq., 24 N. E. 24, 8 L. R. A. 175. The rule is thus stated in Niblack on Mutual Benefit Societies (paragraph 131):

"Where the society makes provision for the settlement of controversies between it and its members, concerning its government, its dissolution, or its property, courts will refuse to take cognizance of such controversies until those who have grievances have, in the first instance, resorted to and exhausted the remedies provided by the society; and it is not necessary, in such case, that the language of such provisions shall make it imperative on the members to exhaust these remedies, but it is sufficient that the society has afforded a means for a settlement within the society itself. The mere provision of such a means abridges the right to appeal to the courts until the prescribed means have been pursued. This rule also prevails in matters of discipline, in the expulsion and suspension of members, and arises from the fact that, in such cases, the controversy springs from the contract of membership, and is a matter of internal regulation."

The complaint alleges that the charge against the plaintiff was "false and malicious." The proof does not sustain this attack. The committee seem to have acted fairly, and were careful to obtain all the information available, and from the plaintiff himself, and apparently acted conscientiously. The evidence on the trial warrants the conclusion that the plaintiff had a bad sore on his ankle, which

had been of long duration, and the existence of which had not been set forth in his application; and it further appeared from the statement of the physician of the branch that the affliction which he was seeking to make the basis of a claim from the sick benefit fund was traceable to this wound on the ankle. The executive board, therefore, had ample warrant for its resolution of expulsion, and the plaintiff acquiesced in its determination by omitting to avail himself of his right to appeal. He should have reviewed the adverse decision in his home branch, among his acquaintances, had he deemed himself aggrieved.

The effect of the expulsion was to sever his relations with the society. With that resolution on the record and in force, the plaintiff cannot maintain an action for damages if the expulsion was in good faith, and complied with the rules of the society. It would be inconsistent to vindicate the legality of the action of the board in expelling the plaintiff, and still allow him to recover damages because of the ejection. The constitution of the association was the contract to which the plaintiff subscribed, and the plan it provides for adjusting remedies between the members and the society must be adhered to, if the provisions are not violative of law, and are executed fairly and equitably. Haebler v. Exchange, 149 N. Y. 414, 44 N. E. 87; Bachmann v. New Yorker Deutscher Arbiter Bund,. 64 How. Prac. 442–449. I quote from the Haebler 'Case, at page 427, 149 N. Y., and page 91, 44 N. E.:

"The relator had a right to become a member of this corporation, and to. agree to be governed by its charter and by-laws, and when he did so they expressed the contract by which he and every other member were bound, and which measured their rights, duties, and liabilities as members thereof. * * * Hence, to determine the rights of the parties to this controversy, we must be governed by the provisions of the appellant's charter and the by-laws it has adopted. As the members who assented to them are bound by the charter and by-laws of the corporation, their rights are to be measured by them, and a member should not complain of an expulsion or suspension where the proceedings are authorized and are fairly conducted under its laws."

The judgment is affirmed, with costs. All concur.