BROWN v. HARRIS COUNTY MEDICAL SOC. et al. (No. 7398.)

(Court of Civil Appeals of Texas. Galveston. May 1, 1917.)

1. ASSOCIATIONS ⬦⟹5—VOLUNTARY ASSOCIATIONS—RULES—"ARTICLES OF AGREEMENT"—BINDING FORCE.

When persons form voluntary associations for religious, literary, social, or other purposes, and adopt rules by which to regulate their conduct and measure their rights, by the provisions of which members may be admitted and expelled, such rules are articles of agreement, to which all who have become members are parties, and must be governed thereby in their relations to the associations.

[Ed. Note.—For other cases, see Associations, Cent. Dig. §§ 4–6.]

2. ASSOCIATIONS ⬦⟹10—VOLUNTARY ASSOCIATION—EXPULSION OF MEMBER—EXHAUSTION OF REMEDIES.

Where a voluntary association under its rules expels a member, such member must resort to and exhaust the remedies provided by the association itself through its constitution and by-laws before applying to a court of equity for relief.

[Ed. Note.—For other cases, see Associations, Cent. Dig. §§ 10–12.]

3. PHYSICIANS AND SURGEONS ⬦⟹9—MEDICAL SOCIETIES—EXPULSION OF MEMBER—RELIEF IN EQUITY.

If plaintiff member of a county medical association was tried by the association upon charges presented on the night on which he was tried and convicted, he having had no notice or knowledge of the existence of such charges until after he had presented his defense to other charges of which he had notice, and his trial was in violation of the by-laws and rules of the association, while the provisions for appeal made by the association were wholly inapplicable and inadequate, and could not have afforded plaintiff any relief for his alleged unlawful conviction and expulsion from the association, he had the right to resort to a court of equity for relief.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 13.]

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by Dr. H. E. Brown against the Harris County Medical Society and others. From judgment dismissing the cause, plaintiff appeals. Reversed and remanded.

Leonard Doughty, of San Antonio, for appellant. Earl Wharton, of Houston, for appellees.

LANE, J. This is an appeal from an order of the Eightieth district court of Harris county refusing to grant appellant an injunction restraining Harris County Medical Society, and its officers and all other persons, from entering upon the minutes of the society any entries showing his expulsion from the society, and from reading and approving any such entry if made, and refusing to enter an order compelling and requiring the society and its officers to restore him to membership therein, and to expunge all entries showing the action of the society upon certain charges preferred against him, and to issue to him a withdrawal card, such as may be requested by him in accordance with the by-laws of the society. In his petition appellant complains of Harris County Medical Society, an association of physicians of Harris county, hereinafter called the "society," Dr. J. A. Kyle, president of the society, and Dr. G. C. Lechenger, secretary, and Drs. J. E. Hodges, M. B. Stokes, and E. L. Goar, as the board of censors of the society. Among other things he alleges:

"That the Harris County Medical Society is an association of the majority of the reputable physicians of Harris county, who have associated themselves under the charter of the State Medical Association of Texas, which is composed of the majority of the reputable physicians of this state, and which association is made up of component parts composed of the various county medical societies, including that of Harris county, sued herein, and that the state association, in turn, goes to make the American Medical Association, comprising the majority of the reputable physicians of the United States; that these societies and associations are banded together, under their constitutions and by-laws, to bring together into one compact organization the physicians of Harris county, and of the state and the United States of America, so that by frequent meetings and full and frank interchange of views they may secure such intelligent unity and harmony in every phase of their labor as will elevate and make effective the opinion of the profession," etc.; that some years ago he became a member of the Harris County Society, and is still a member thereof and under and by virtue of the laws of the society he is a member of the State and American Associations; that an expulsion of a member from his local county society works an expulsion from memberships in the State and American Associations, and all component parts of the Medical Associations of America. He further alleges that when a member is expelled by a county society, under the by-laws he may appeal to a board of councilors of the State Association, whose power and authority extends only to allowing such expelled member to become a member of another county society, in a county other than "the county of his residence, if accepted by such society; but said board of councilors are given no power to reinstate the member in the society from which he has been expelled, however irregular or illegal his expulsion may have been. And they are given no power to quash the irregular and illegal proceedings." He then alleges that in March, 1916, there were three charges preferred against him in the Harris County Society in due form, and that he was duly served with notice of the pendency of said charges and commanded to appear at a regular meeting of said society to convene on the 29th day of April, 1916, and present his defenses thereto.

"He then alleges that upon the meeting of the society being called at its regular session on the evening of April 29, 1916, the minutes of the previous meeting were read, according to parliamentary usage, and therein appeared the matter of the report of the board on the three

charges named above; and that immediately upon such reading, the president, who was chairman, required of plaintiff that his defense to such charges be made; and that same was thereupon made, by presenting his written defense. He avers that at this time, it being immediately after the meeting was called, there was no large number of members present, but that to such as were present he made his defense; that he knew of no other charges whatever, and had never been notified that any other existed or would be made; that after the reading of his defense, there came into the meeting many other members of the society, who were voters on the charges, and who afterward voted, so that, in all, there were finally present, when the matter was voted on, 60 members, about 20 having come in after the reading of his defense, and who never heard it or knew of it. And thereafterward, in the presence of all the 60 members, the charges as preferred were read and presented; and along with them, and as additional charges to be voted on, various members of the society, led by the board of censors, and including them, presented various other charges of like nature—these additional charges being of unlawful operations alleged to have been performed by plaintiff, and of which he had never heard, and of which he was not guilty, and which were vouched for by the physicians making them. He avers that he was totally unprepared to make defense to these additional charges, and that he demanded, at least, that he be allowed to present his sworn defense to the formal charges, so that all the members present should hear same, and know that he had denied same; but this request was refused by the chairman, and the defense was not presented to as many as about 20 members present and voting, and who heard and voted upon all the charges presented against him. He alleges that a vote was taken on all the charges presented, the 3 of which he had notice, and which he had disproved, and the others, some 8 or 10 in number, of which he had no notice, as provided by the rules of the association, and that on all such charges, a vote being taken, a sufficient number of the 60 present voted to sustain them to uphold the report and the recommendation; and a vote being taken, according to the by-laws, of whether plaintiff should be expelled on all such charges, a sufficient number voted to expel him under the by-laws. And he avers that a sufficient number were not allowed to hear even his defense to the three charges, to have changed the vote to one in his favor, had they heard it and voted favorably." He then alleges that unless restrained the entry of his purported expulsion will be entered on the minutes, by the secretary, would be read in open meeting, according to parliamentary usage, and would thereupon be adopted by the society, and his expulsion would thereupon become final, as far as his right to be a member of the Harris County Medical Society was concerned, no authority existing within the society or the State Association to reinstate him. He then alleges his right to withdraw from the society and the great loss he will suffer if the society is permitted to expel him therefrom.

He then prays: (1) That injunction be granted him against the society and its officers, and against the defendants and all other persons, restraining them from entering upon the minutes of the society any entry showing the expulsion of plaintiff, or from reading or adopting any such minutes, and that any such entry, if already made, be ordered expunged; and that upon final hearing such injunction be made permanent. (2) That plaintiff have judgment restoring him to membership in the society, and that mandamus issue thereunto. (3) That withdrawal card be issued to him, upon his request, in accordance with the by-laws.

The judge of the Eightieth district court of Harris county, upon such petition being presented to him, granted a restraining order as prayed for, which remained in force until June 20, 1916, at which time the cause was called for trial.. Thereupon defendants demurred generally to the petition of plaintiff, which demurrer was by the court sustained upon the grounds that plaintiff had the right and adequacy of appeal to the board of councilors of the state society and having failed to so appeal, and thereby exhausting his remedies before said board, the trial court was without jurisdiction to entertain the cause; and thereupon the cause was dismissed, upon plaintiff's declining to amend his petition, and from this judgment of dismissal plaintiff has appealed.

Appellant's only assignments are:

(1) "That the district court erred in holding that plaintiff was required to appeal to the board of councilors of the State Medical Association of Texas, and that such appeal was an adequate remedy, and that plaintiff therefore had no cause of action herein; it being shown and alleged that said board has no right to reverse the unlawful action of the Harris County Medical Society, nor to reinstate plaintiff as a member of said Harris County Medical Society, and no right or power to quash the irregular and illegal proceedings alleged in plaintiff's petition; all of which power abides in the district court, and to the exercise of which plaintiff shows himself entitled in said petition."

(2) "That the district court erred in sustaining the demurrer of defendants on the ground that plaintiff was required to appeal to the board of councilors of the State Medical Association, because the remedy which said board could grant him, as shown by the allegations of plaintiff's petition, was shown to be wholly inadequate, and he was shown thereby to be entitled to have the irregular proceedings by which it was attempted to expel him from the Harris County Medical Society reversed, quashed, annulled, and set aside and wholly held at naught, none of which relief, as shown, could be granted by said board of councilors."

[1] It is well settled that when parties form voluntary associations for religious, literary, social, or other purposes, and adopt rules by which to regulate their conduct and measure their rights, and by the provision of which members may be admitted and expelled, such rules are articles of agreement to which all who have become members are parties and must be governed thereby in their relations to such associations. 4 Cyc. p. 302 to 340; 26 Cyc. 343; Manning v. San Antonio Club, 63 Tex. 166, 51 Am. Rep. 639. The Screwmen's Benevolent Ass'n v. Benson, 76 Tex. 552, 13 S. W. 379; Ryan v. Cudahy, 157 Ill. 108, 41 N. E. 760, 49 L. R. A. 353, 48 Am. St. Rep. 305, and notes; Green v. Board of Trade, 174 Ill. 585, 51 N. E. 599, 49 L. R. A. 365, and notes; Connelly v. Masonic Ass'n, 58 Conn. 552, 20 Atl. 671, 9 L. R. A. 428, 18 Am. St. Rep. 296. In the case last cited it is held that the decision of any kind of voluntary society or association in admitting members and in disciplining, suspending, or expelling them, are of a quasi public character, and that in such cases the courts never interfere except to ascertain whether or not the proceeding was pursuant to the rules and

laws of the society, whether or not it was in good faith, and whether or not there was anything in it in violation of the laws of the land. And that if it is found that the proceeding was had fairly, in good faith and pursuant to the laws of the society, and that there was nothing in it in violation of the law of the land, then the sentence is conclusive like that of a judicial tribunal.

[2] It is equally well settled that where an association under its rules expels a member, such member must resort to, and must exhaust, the remedies provided by the association itself, through its constitution and by-laws, before applying to a court of equity for relief. Aycock v. Clark, 94 Tex. 376, 60 S. W. 665; Levy v. Magnolia Lodge, 110 Cal. 297, 42 Pac. 890; Screwmen's Ass'n v. Benson, supra; Burns v. Bricklayer's Union, 10 N. Y. Supp. 916, 24 Abb. N. C. 150; Levy v. Lodge, 9 Misc. Rep. 633, 30 N. Y. Supp. 885; Johansen v. Blume, 53 App. Div. 526, 65 N. Y. Supp. 987; 26 Cyc. 343–345.

But we have found no authority for holding that where a member of a voluntary association has been convicted of an offense and expelled in violation of the rules and by-laws of the association, and where the by-laws and other laws of the association do not allow adequate relief by appeal from such conviction and expulsion, such member may not resort to a court of equity for relief. We think the uniform holding of all courts is to the contrary. In Cyc. p. 345, the rule of law is thus stated:

"As a rule the writ will not be granted until the relator has exhausted the means of relief and remedies by objection, defense and appeal * * * afforded him by the by-laws and rules of the corporation, unless such remedies are inapplicable or unreasonable, and inadequate or would prove vain and useless."

See authorities cited under this rule.

It is apparent from plaintiff's petition that he is insisting that he was tried and convicted upon many charges in violation of the by-laws and rules of the Medical Association, and that the remedies allowed by appeal, as provided by the by-laws and rules of said Medical Association, were wholly inapplicable, inadequate, and unreasonable, and if resorted to would prove useless and furnish him no relief.

The trial court sustained a general demurrer to the plaintiff's petition, and upon his declining to amend the same, dismissed his suit on the ground that it appeared from the petition that plaintiff had the right to appeal to the board of councilors of the State Association, from the proceeding of the Harris County Medical Society, and that such appeal makes provision for adequate relief. The cause having been disposed of by demurrer, we are not advised, nor was the trial court advised, otherwise than by the allegations of plaintiff's petition, as to what provision was made for the trial and expulsion of the members of the Harris County Medical Society, by its by-laws and rules. Therefore we are unable to say whether or not the plaintiff was tried and convicted in accordance with the by-laws and rules of the association, or whether or not the appeal provided for would have afforded adequate relief, unless we accept the allegations of plaintiff's petition as true. But we do know that in his petition the plaintiff has alleged that he was tried upon charges presented on the night on which he was tried and convicted; that he had no notice or knowledge of the existence of such charges until after he had presented his defense; and that his trial upon such charges was contrary to and in violation of the by-laws and rules of the association. We also know that the plaintiff alleged in his petition that the provisions for appeal made by the association are wholly inapplicable and inadequate, and would not afford him any relief for the alleged unlawful conviction and expulsion.

[3] If the allegations of plaintiff's petition are true, he has the right to resort to a court of equity for relief, and the trial court erred in holding to the contrary and dismissing his suit on demurrer; in other words, if plaintiff's allegation that the board of councilors, the appellate body, had no power to review and reverse the action of the local society, in expelling plaintiff, in the event they should find that he was not tried in accordance with the by-laws and rules of the association, is true, the appeal provided by the association is inadequate and would not furnish plaintiff relief from such unlawful conviction and expulsion, and in such case he had the right to resort to the courts for relief.

We think the trial court should have overruled the general demurrer, and have heard evidence as to the facts alleged with reference to the rules of the association governing appeals, and in the event the facts alleged were established, the court should have gone further and heard evidence as to whether plaintiff was tried and expelled in accordance with the by-laws and rules of said association.

Because of the errors pointed out, the judgment of the trial court is reversed, and the cause remanded for trial.

Reversed and remanded.