**WILLIS et al. v. DAVIS.** (No. 8129.)

(Court of Civil Appeals of Texas. Galveston. June 29, 1921. Rehearing Denied Oct. 6, 1921.)

1. **Associations** ⊂⊃ 10—**Rules as to courts' interference with decisions relating to members stated.**

Courts will not interfere with decisions of voluntary associations in disciplining, suspending, or expelling its members, where no property rights are involved, except to ascertain whether or not the proceeding was pursuant to the rules and laws of such association, whether it was in good faith, and whether there was any violation of the laws of the land.

2. **Associations** ⊂⊃ 10—**Member must exhaust remedies provided by association itself before applying to equity for relief.**

Where a voluntary association under its rules expels a member, the member must resort to, and must exhaust, the remedies provided by the association itself through its constitution and by-laws, before applying to a court of equity for relief.

3. **Associations** ⊂⊃ 10—**Member who has been expelled in violation of rules of association may resort to equity for relief.**

Where member of voluntary association has been convicted of an offense and expelled in violation of the rules and by-laws of the association, and where no by-laws or other laws of the association make any adequate allowance for relief by appeal from such conviction and expulsion, such member may resort to equity for relief.

4. **Associations** ⊂⊃ 10—**Member held entitled to enjoin association from expelling him.**

Member of voluntary association who was acquitted by his local lodge of making an attack upon grand officers, but who on appeal to the grand officers themselves was found guilty and ordered to be expelled, *held* entitled to restrain the association from expelling him; the provision of the by-laws providing for an appeal to and another trial before the grand officers, without the right on the part of the accused member to appeal from the judgment of such grand officers, being unreasonable and inadequate in such case.

Appeal from District Court, Waller County; J. D. Harvey, Judge.

Suit by W. L. Davis against W. S. Willis and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Allen V. McDonnell and J. D. Williamson, both of Waco, and A. G. Lipscomb, of Hempstead, for appellants.

Maurice Hirsch and Allen Hannay, both of Houston, for appellee.

LANE, J. This suit was brought by appellee, W. L. Davis, against appellants, W. S. Willis and others, to restrain and enjoin them from expelling or causing him to be expelled as a member from Golden Banner Lodge No. 31 of the order of the Colored Knights of Pythias, same being the local lodge of said order at Hempstead, Tex.

W. L. Davis substantially alleged that he is and was prior to the 9th day of September, 1920, a member of said Golden Banner Lodge No. 31 of the Colored Knights of Pythias; that the defendant W. S. Willis was the Grand Chancellor of the Grand Lodge, Colored Knights of Pythias of the State of Texas; that the defendant J. E. Smith was the Grand Keeper of Records and Seals of said Grand Lodge, and that the other defendants were officers of said local lodge at Hempstead; that on said 9th day of September, 1920, he was duly and regularly tried by said local lodge on charges preferred against him by the defendant W. S. Willis, charging him with conduct unbecoming a member of said lodge, and of violating his oath and obligation as a knight of said order; that upon said trial he was adjudged not guilty of such charges, and was duly acquitted; that at said time Grand Chancellor W. S. Willis was represented by his attorney A. S. Wells, whom the said Willis had appointed under the provisions of the laws of said order to prosecute said charges; that after the trial which resulted in his acquittal the said prosecutor, Wells, gave no notice of appeal, but to the contrary stated to him (Davis) that he (Wells) was satisfied with the results of the trial; that notwithstanding such statement made by A. S. Wells to him (Davis), the said W. S. Willis attempted to appeal from said judgment of acquittal to the Grand Lodge officers; that in said body of Grand Lodge officers the complainant W. S. Willis was the presiding judge; that he (Davis) had no notice of or knowledge of such attempted appeal; that no notice of the time and place of hearing such appeal was ever given to him, and that he had no opportunity to be present or to have a representative present at the hearing of said appeal so as to make his defense; that there is no law of the order allowing the appeal attempted to be taken by said W. S. Willis, but notwithstanding the foregoing facts the Grand Lodge officers presided over by the complainant, W. S. Willis did without authority of law on the 9th day of November, 1920, pass a resolution directing and commanding the officers of said local lodge to expel him therefrom.

He alleged further that he had exhausted all remedies provided by the laws of said order before filing this suit, and that if the order of expulsion of the Grand Lodge officers is carried into effect, he would suffer irreparable damage, and that he had no adequate remedy at law to prevent such damage. His

⊂⊃ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

prayer was for injunction to restrain the defendants from expelling him from the local lodge as directed by the Grand Lodge officers.

The defendants replied by general denial and special pleadings, as follows:

That the Golden Banner Lodge No. 31 of Hempstead, Tex., was a subordinate lodge of the Grand Lodge of the Colored Knights of Pythias of Texas, which Grand Lodge was a subordinate lodge of the Supreme Lodge of the Colored Knights of Pythias.

That the constitution and by-laws regulating the conduct of the Supreme Lodge, Grand Lodges, and subordinate lodges, together with the members thereof, duly adopted in 1913, provided for charges being made against any member of the order, for the trial upon said charges, and for appeal from the action of the local lodges by the Grand Chancellor of the Grand Lodge, to the officers of the Grand Lodge, and further provided for appeal by the party accused, from such action, as the Grand Lodge or the Grand Lodge officers might take, to the Supreme Lodge.

The defendants further alleged that the plaintiff had been subjected to trial in conformity with the rules, by-laws, and regulations of his order, and that on trial before the local lodge had been found not guilty; that an appeal had been taken by the Grand Chancellor in conformity with the rules and regulations of the order to the Grand Lodge officers, and that plaintiff had been found guilty on such appeal, and a decree of expulsion had been rendered, and that no other appeal had been taken; that all of the proceedings had been regularly done within the lodge, and were authorized by the constitution and by-laws of such lodge, and that such action of the lodge was conclusive, and they prayed that the temporary restraining order be set aside, and the plaintiff denied his injunction as prayed for by him.

A hearing was had before the judge in chambers on the plaintiff's application for injunction pendente lite, at the conclusion of which hearing on May 2, 1921, the court entered an order granting a temporary injunction in accordance with plaintiff's prayer.

Appellants' contention on appeal is that the court erred in granting the temporary injunction restraining the defendants from expelling appellee, W. L. Davis, from his local lodge and from the order of the Colored Knights of Pythias of Texas, as directed by the Grand Lodge officers, because:

First, under the pleadings and undisputed evidence on the hearing, the plaintiff, W. L. Davis, had been tried and ordered expelled from said fraternal order in the manner and in accordance with the rules and regulations provided in the constitution and by-laws of the said fraternal order, and no property rights being involved, the plaintiff cannot complain of his expulsion from said order

where same is done in the manner and form provided in the by-laws to which he had subscribed by becoming a member of said fraternal organization.

Second, under the pleadings and undisputed evidence adduced on the hearing, the plaintiff, W. L. Davis, had a right of appeal from said order and had not exhausted his remedies within the fraternal order, of which he was a member, to correct or have set aside, if wrongfully made, the order of his expulsion, by proper appeal to tribunals within in the order.

Neither of these contentions should be sustained. The charges preferred against appellee Davis by Grand Chancellor W. S. Willis, upon which he was tried and acquitted by the subordinate lodge at Hempstead, were: First, that he caused to be published in a newspaper a part of the proceedings of the Grand Lodge of said order, and thereby made known to the public the proceedings of the order in violation of his oath as a member of said order; second, that he caused to be published in said paper and circulated in the state of Texas an article headed as follows:

"Unusual, Non-Pythian and Wholly Unparliamentary Proceedings in Knights of Pythias Grand Lodge at Dallas. Tactics Employed Disgrace to Pythianism. Action of Opposition Exonerates Rodgers, in the Minds of all Fair-Minded, Unprejudiced Men."

That by said article the Grand Lodge, the Grand Chancellor, and the Grand Lodge officers of said order were attacked and scandalized, in violation of the laws of the order; and that said article was calculated to and was intended to bring said Grand Lodge officers and the Grand Lodge into disrepute among its members and the public generally. By section (c) of article 247 of the laws of the order it is provided:

"If the lodge shall, after trial, fail or refuse to convict a member against whom complaint and charges have been filed, any member thereof, or the Grand Chancellor may in his discretion, appeal to the Grand Lodge officers. If upon final hearing the offender or offenders be convicted of the offenses charged and the lodge shall still fail or refuse to inflict the penalty prescribed by this statute, and ordered to be imposed by the tribunal of the final hearing in the case, the Grand Chancellor of the jurisdiction shall at once suspend the charter of such lodge; provided, that such a majority of the members of such lodge, prior to the next convention of this Grand Lodge, petition the Grand Chancellor for permission to rescind the action upon which suspension was based, he may authorize such lodge to take the action proposed in the petition, and upon compliance of such lodge with the orders or judgments made in the case, he shall revoke his order suspending the charter of such order."

The only article of the laws and rules of the order relied upon by appellant as fixing the time and manner of giving notice of appeal by the Grand Chancellor, from an acquittal of the accused by the local lodge, is article 80, which reads as follows:

"An appeal may be taken from the action or decision of any subordinate lodge under the immediate jurisdiction of the Supreme Lodge of the Knights of Pythias * * * to said Supreme Lodge, by any member of such subordinate lodge, or by any other person whose rights have been denied by such action or decision, upon giving written notice to said subordinate lodge of such appeal, within two weeks from and after such action or decision."

From the judgment of acquittal of Davis by the local or subordinate lodge at Hempstead, Grand Chancellor Willis attempted to appeal to the Grand Lodge officers, by giving notice of such appeal to said local lodge after the expiration of two weeks. No notice of such appeal was given to the accused, W. L. Davis.

Upon the appeal to the Grand Lodge officers the charges against the accused were heard by said officers, without notice to the accused, and thereupon they passed a resolution expelling the accused from his local lodge and from the order, and directed and commanded the local lodge that it carry into effect its said directions and demands and expel the accused from the order.

[1, 2] It is well settled that the courts will not interfere with the decisions of any kind of voluntary association in disciplining, suspending, or expelling its members where no property rights are involved, except to ascertain whether or not the proceeding was pursuant to the rules and laws of such an association, whether or not it was in good faith, and whether or not there was in it anything in violation of the law of the land. Brown v. Harris County Medical Association, 194 S. W. 1179, and authorities there cited. It is also well settled that where such an association under its rules expels a member such member must resort to and must exhaust the remedies provided by the association itself, through its constitution and by-laws, before applying to a court of equity for relief. Brown v. Harris County Med. Ass'n, supra, and authorities there cited.

[3] But we have found no authority holding that where a member of a voluntary association has been convicted of an offense and expelled in violation of the rules and by-laws of the association, and where no by-laws or other laws of the association make any adequate allowance for relief by appeal from such conviction and expulsion, such member may not resort to a court of equity for relief. The uniform holdings of the courts are to the contrary.

"As a rule the writ (mandamus or injunction) will not be granted until the relator has exhausted the means of relief and appeal * * * afforded him by the by-laws and rules of the corporation (association) unless such remedies are inapplicable or unreasonable, and inadequate, or would prove vain and useless." 26 Cyc. p. 345.

[4] It is apparent from appellee's petition and the undisputed facts that he was duly tried upon a complaint made by the Grand Chancellor, charging him with an attack upon the complainant and other Grand officers; that he was by his local lodge found not guilty and acquitted; and that by the by-laws and rules of the order, the charges were in the manner heretofore stated carried by appeal before the Grand officers to be by them again tried. Under the facts of this case, can it be supposed that these officers could give the accused an unprejudiced hearing? We think not. We think the rule thus provided for the trial of the accused under the circumstances was unreasonable, inadequate, and that had he been notified of such appeal and given an opportunity to appear before such officers and make his defense, such defense as he might have made would in all reason have proven vain and useless. The articles of the constitution and by-laws of the order thought applicable to the matters at issue are found in the statement of facts, and from them we have been unable to find any provision empowering the Grand Lodge officers to order the local lodge to expel the appellee from the order, unless such power be implied by section (c), art. 247, hereinbefore quoted; nor have we discovered in any of these articles a right on the part of appellee to appeal from the judgment of the Grand Lodge officers no matter how unjust the same might be.

After a careful examination of the pleadings and evidence, we have reached the conclusion that under such pleadings and evidence the trial court was justified in granting the injunction prayed for.

Having reached such conclusion, it becomes our duty to affirm the judgment, and it is so ordered.

Affirmed.