## SUNSET GRAND LODGE OF MASONS OF TEXAS v. BELL et al.
### No. 899.

Court of Civil Appeals of Texas. Waco.
Feb. 13, 1930.

Dalton, Van Nort & Raish, of Dallas, and B. A. Garrett, of Waco, for appellant.

Lewis M. Seay, of Groesbeck, for appellees.

GALLAGHER, C. J.

This appeal is prosecuted by Sunset Grand Lodge of Masons of Texas, a corporation, from a final judgment of the district court of Limestone county denying its prayer for an injunction, restraining John A. Bell, Charlie Chapman, L. G. Pigford, and Albert Lipscomb from acting as officers of appellant corporation, and from holding a session or convocation of the same under a call issued by them therefor and ordering appellant to surrender to them all its records and properties.

Appellant alleged, in substance, that it was duly incorporated under the provisions of article 713a of the Revised Statutes of 1895, as amended by the act of May 23d, 1899, the same constituting articles 1399 to 1407, inclusive, of our present Revised Statutes; that it was actively engaged in fraternal and benevolent work; that it had a full corps of duly elected, installed, and acting officers, naming each of them and the offices filled by them respectively; that appellee John A. Bell was Sovereign Grand Master of the Sovereign Grand Lodge of Masons of the United States; that he demanded of appellant and certain of its officers a certain sum of money which he claimed was due to the Sovereign Grand Lodge as a per capita tax on the membership of appellant and its subordinate lodges; that appellant's officers had offered to pay the amount actually owed by draft in proper and regular form and manner; that said Bell demanded a much larger sum and demanded that such sum be then and there turned over to him in person; that said Bell had no right to make such demand and that appellant refused to comply therewith; that said Bell, purporting to represent appellant and to be acting as its Grand Master, issued a proclamation calling a special session of appellant Sunset Grand Lodge of Masons of Texas to meet at Mexia on August 28, 1928, and that he was joined in said petition by the other appellees above named, each of whom claimed to hold an executive office in appellant Grand Lodge, and by divers others claiming to hold office therein respectively; that none of the appellees or any of those joining in said proclamation with them were in fact officers of appellant Grand Lodge and none of them had any right to act as such; that under the constitution and laws of the Sovereign Grand Lodge said Bell had no authority to call a meeting of appellant Grand Lodge, and that none of those joining with him in said proclamation had any such authority under the constitution and laws of the Sovereign Grand Lodge; and that none of them were in any way authorized to interfere in any manner with appellant's officers in the performance of the duties of their respective offices. Appellant then in proper form alleged the injurious consequences to it of the threatened illegal and unauthorized session or convocation; that such injuries would be irreparable; and that there was no provision for appeal or other available form of redress within the Order. Appellant prayed for a temporary injunction, and on final hearing that the same be made perpetual. A temporary injunction was granted.

Appellees filed an answer to the merits, in which they alleged that the parties purporting to act for appellant in instituting and conducting this suit were not its officers because they had failed to comply with the constitution and laws of the Grand Lodge by paying said per capita tax to the Sovereign Grand Lodge; that demand therefor had been made of them and that they had refused to comply therewith; that said Bell, acting under authority of the constitution and laws of the Sovereign Grand Lodge, had called a meeting of appellant Grand Lodge for the purpose of electing temporary officers to comply with said demand, and in that connection had named his codefendants as temporary officers; that said Bell was required to take such action under the laws of the Sovereign Grand Lodge; and that his acts in doing so were proper and authorized thereby. Appellees prayed that the injunction sought by appellant be denied; that they and the other officers so appointed by said Bell be declared the proper officers of said Grand Lodge until an election could be held, with full power and authority to administer the affairs of said Grand Lodge; and for an order directing that all books, records, and properties belonging to the Grand Lodge of Texas be turned over to them.

The recitation of the pleadings hereinbefore made is a mere abridgement, but deemed sufficient for a proper understanding of the issues which control in this appeal. There was a trial by the court. The constitution and laws of the Sovereign Grand Lodge, an unchartered voluntary association, and the charter, constitution, and by-laws of appellant Sunset Grand Lodge of Masons of Texas were introduced in evidence, and testimony in connection therewith was introduced by both appellant and appellees. The court at the conclusion of the trial entered judgment dissolving the temporary injunction theretofore in force; denying appellant any and all relief; declaring appellees within their rights under the laws of the Order and entitled to act as officers of appellant Grand Lodge; and directing that all books, moneys, accounts, and everything in the possession of appellant be turned over to appellees. Appellant gave a supersedeas bond in a sum fixed by the trial court and here presents said judgment for review.

### Opinion.

Appellant's first assignment of error is as follows: "The court erred in rendering judgment dissolving the temporary injunction and refusing to make the said temporary in-

junction permanent, for the reason that under the undisputed evidence it affirmatively appears that the plaintiff is a Texas corporation acting by and through its directors or trustees, who were the duly elected and qualified and acting officers of plaintiff, and that the defendants, without authority in law and without authority under the constitution and by-laws of either plaintiff or the Sovereign Grand Lodge, were attempting to depose the said duly elected, qualified and acting officers of plaintiff, and to usurp the powers and duties of said officers by appointments made by defendant, John A. Bell."

Appellant presents said assignment for consideration by proper propositions. Appellant's charter was granted in 1909. Its constitution and by-laws were presumably adopted at that time. At least, there is no contention to the contrary. Neither said charter, constitution, nor laws subordinate said corporation in any way to any Sovereign Grand Lodge. The only reference therein to any extraneous or extraterritorial organization or authority is a provision that said Grand Lodge should "receive its first five charters or warrants from the John Bell jurisdiction of the state of Michigan and the United States of America." Appellee Bell testified that said five charters or warrants had been theretofore issued, paid for, and delivered; that when he sold the same it was agreed that appellant and all subsequent lodges should pay him 75 cents per member for each lodge; that five separate lodges had been organized by him under said five warrants so sold. He further testified that he assisted, apparently in an advisory capacity, in organizing appellant Grand Lodge and securing the charter therefor, but that he had never seen the constitution or by-laws of said Grand Lodge. Appellant's charter provides for its perpetual existence and for the periodic election of officers. It also prescribes their respective duties. It further prescribes the fees, dues, and charges which shall be levied upon and paid by the members of its subordinate lodges. No provision is made therein for the collection or payment of a per capita tax to any Sovereign Grand Lodge or other superior body, nor is any such obligation recognized or referred to therein. There is nothing in the same, or any of the same, authorizing the Grand Master to participate as a representative of said Grand Lodge or otherwise in the proceedings of any Sovereign Grand Lodge. There was testimony that appellant had paid said per capita tax annually until 1925 and that it had not paid any such tax since that time. There was also testimony that on one or more occasions appellant's Grand Master in office at the time had attended a meeting of the Sovereign Grand Lodge. There is no contention that the action of appellees herein which appellant sought to restrain was authorized or permitted by any provision of appellant's charter, constitution, or by-laws. Apparently, in view of the language of the constitution with reference to the first five charters or warrants and the source from which the same had or should emanate, the Sovereign Grand Lodge involved in this case had not been organized at that time. The testimony does not show when such Sovereign Grand Lodge was organized, but appellee Bell testified that he had held a meeting thereof every year since 1909. He further testified that said Sovereign Grand Lodge was an unincorporated association. He identified the constitution and laws thereof and they were introduced in evidence. They consist of three articles. Appellee Bell testified that such constitution and laws had existed in the present form since 1922. The testimony showed without dispute that appellee Bell had assumed the title of acting Grand Master of appellant lodge; that he attempted to remove all appellant's regularly selected, installed, and acting officers and to make temporary appointment of others to such positions; that he, joined by the purported officers so appointed by him, called a special meeting of appellant Grand Lodge to convene on August 28, 1928, for the purpose, as he stated, of complying with the constitution and laws of said Sovereign Grand Lodge by paying the amount of the per capita tax demanded by him. The only affirmative defense pleaded by appellees, as hereinbefore shown, as an excuse for such drastic action, was the failure of the regular officers of appellant Grand Lodge to pay said Bell the per capita tax so demanded. The only authority pleaded therefor was alleged provisions of the constitution and laws of the Sovereign Grand Lodge. Said plea did not recite the provisions thereof so relied upon. We do not find it necessary to discuss or determine whether the Sovereign Grand Lodge, by any parol understanding or agreement, could acquire from appellant Grand Lodge authority to displace its regularly installed and acting officers and appoint others in their place, or in such way acquire authority to exercise any supervisory control over such Grand Lodge. Neither do we find it necessary to discuss nor determine whether any binding obligation on the part of appellant to pay an annual per capita tax to the Sovereign Grand Lodge could be created by parol agreement, or by acquiescence and continued payment of such tax. Appellees seek to justify their action solely by and under the express provisions of the constitution and laws of said Sovereign Grand Lodge. We have carefully examined and considered every provision therein contained. The first provision relevant to the issue under consideration declares that "there shall be a direct tax of seventy-five cents per year from every member in good and regular standing under the John A. Bell's jurisdiction from every state where any and all members who hold regular charters coming down from the Sovereign Grand Lodge." The next provision in any way rele-

vant to the issue under consideration is: "When vacancies happen in any state under the Sovereign Grand Lodge under the John A. Bell's jurisdiction, the Sovereign Grand Master shall call a special session of the Sovereign Grand Lodge officers and the Grand Masters of each state and shall fill such vacancies." Assuming that this rather vague provision would authorize a special session of the Sovereign Grand Lodge to fill vacancies in the official roster of a state Grand Lodge, it is inapplicable here because it does not purport to authorize the summary removal of officials of a state Grand Lodge on any ground, but by its own terms applies only when a vacancy shall happen to exist. In addition thereto, there is no contention that any such special session of the Sovereign Grand Lodge was held in this case. The next provision which could possibly be deemed relevant occurs in a section apparently relating exclusively to control and management of the Sovereign Grand Lodge. Said provision is as follows: "The Sovereign Grand Masters shall have the power to fill all vacancies that may happen during the recess of the Sovereign Grand Lodge by granting them commissions, which will expire at the end of the next session." Whatever application may be given this provision, it certainly affords no justification for an arbitrary and summary removal of the officers of a state Grand Lodge, and if applicable at all to officers in a state Grand Lodge, is limited to filling by appointment vacancies that actually exist. The only remaining provision which can reasonably be claimed to be relevant is contained in a section dealing in the main with the duties of Grand Masters of state Grand Lodges, and is as follows: "It is also his duty to attend to all communications of the Sovereign Grand Lodge, and in his failure to comply to the call of the Sovereign Grand Lodge, will be suspended or expelled as in the discretion of the officers of the Sovereign Grand Lodge." This provision by its terms applies only to the Grand Master of a state lodge and authorizes his suspension or expulsion only upon his failure to "comply to the call of the Sovereign Grand Lodge," and even in such cases, in the discretion of the officers of the Sovereign Grand Lodge. The only pretense of a failure on the part of appellant's Grand Master Westbrook "to comply to the call of the Sovereign Grand Lodge" was the failure to pay to said Bell the sum demanded by him as a per capita tax. There is no allegation in the pleadings and no contention in the evidence that said Westbrook had been suspended or expelled by the officers of the Sovereign Grand Lodge, or any one else.

Appellee Bell, it is true, testified that appellant's Right Worshipful Deputy Grand Master Johnson had been by the Sovereign Grand Lodge at its meeting in Columbus, Ohio, in June, 1928, "expelled for ninety-nine years." If such expulsion was valid, and if the effect of the same was to render his election to said office and his installation therein void, such situation was neither justification nor excuse, under the provisions of the constitution and laws of the Sovereign Grand Lodge, for the attempted removal of fifteen other officers of appellant and the appointment of other persons in their respective places. Neither did the same constitute authority, justification, or excuse for the action of said Bell and the other officers so irregularly and illegally appointed by him in calling a special meeting or convention of appellant Grand Lodge.

Appellee Bell in his testimony based his authority for his action in the premises solely on the provisions of the constitution and laws of the Sovereign Grand Lodge. While he testified over objection of appellant that the Sovereign Grand Lodge gave him authority to do what he did do, he added in that immediate connection: "The Sovereign Grand Lodge gave me that authority right there in the constitution. Whatever rights I have are under the constitution and by-laws. Acting under that authority I issued this proclamation dispossessing Westbrook and the officers regularly elected by the Sunset Grand Lodge and appointed some myself, and in that proclamation I purposed to have those officers take charge of the Sunset Grand Lodge under their jurisdiction and proceed to exercise the privileges of the Sunset Grand Lodge." The trial court evidently understood that his statement that the Sovereign Grand Lodge gave him authority to do what he did was merely his construction of the power conferred by the provisions of the constitution and laws of said Sovereign Grand Lodge hereinbefore discussed, when he overruled appellant's objection thereto. Appellee Bell misconstrued the authority vested in him by the constitution and laws of the Sovereign Grand Lodge and in doing the acts complained of herein exceeded such authority. Appellant's said assignment is sustained.

■ Appellees do not contend that there was any provision for appeal or other form of redress available to appellant within the Order. Such being the case, it was proper for appellant to invoke the equity powers of the district court for relief. Willis v. Davis (Tex. Civ. App.) 233 S. W. 1035, 1037; Texas Farm Bureau Cotton Ass'n v. Stovall, 113 Tex. 273, 253 S. W. 1101, 1108, par. 18.

The judgment of the trial court is reversed, and judgment is here rendered denying appellees the affirmative relief prayed for by them and making the temporary injunction granted at the institution of this suit permanent.